510 A.2d 261

James Emory MORELAND

v.

STATE of Maryland.

No. 1425, Sept. Term, 1985.

Court of Special Appeals of Maryland.

June 10, 1986.

John L. Kopolow, Asst. Public Defender (Alan H. Murrell, Public Defender, on brief), Baltimore, for appellant.

Ronald M. Levitan, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Baltimore, Richard Cooper, State's Atty. for Charles County and John Adams, Asst. State's Atty. for Charles County, on brief), La Plata, for appellee.

Submitted before WILNER, ALPERT and BLOOM, JJ.

WILNER, Judge.

Appellant was convicted in the Circuit Court for Charles County of theft, for which he was sentenced to four years' imprisonment. The only issue before us is whether the trial court erred in finding that appellant had waived his right to counsel, resulting in his standing trial without the assistance of a lawyer.

Appellant was charged with a theft that occurred on December 26, 1984. The case was originally scheduled for trial in the District Court and a trial date of May 2, 1985 was set. Appellant appeared in the District Court on that day and requested a jury trial, causing the case to be transferred to the Circuit Court. Trial was then scheduled for September 26, 1985.

Meanwhile, appellant was convicted of criminal non-support. On June 23, 1985, he was sentenced on that charge to 90 days in the Calvert County jail. Twice during the time that appellant was serving that sentence, he was brought before the Circuit Court on the theft charge. His first appearance was on July 2, 1985, at which time he was advised of his right to have an attorney and was told that if he could not afford to hire an attorney, he would be "referred to the Public Defender's Office." Appellant stated that he intended to hire an attorney. The court respond-

ed that if appellant did not have an attorney's appearance entered for him by August 6, 1985, he would be required to return to court on that day. No appearance was entered and on August 6, 1985, appellant returned to court. The trial court again reminded appellant of his right to have an attorney and offered to refer him to the public defender's office. Appellant refused the offer and again insisted that he intended to hire a private attorney. The trial court concluded the hearing by warning appellant that the case would be tried on September 26, 1985, whether or not he had a lawyer. It was clear from these proceedings that appellant was well aware that, if he did not retain a private attorney and wanted a public defender, he would have to contact the public defender's office.

On September 26, 1985, appellant appeared in court for his trial. When it was discovered that he was still unrepresented, a pretrial hearing was held to decide what should be done. Appellant stated that he wanted counsel, but that he lacked the funds to hire a private attorney. At that point, the following colloquy occurred:

THE COURT: ... You knew that you could make application at the Public Defender's Office. You didn't make application there.

JAMES EMORY MORELAND: I didn't think they would give me one.

THE COURT: You were in jail, you weren't working.

JAMES EMORY MORELAND: They told me I made too much money when I worked.

THE COURT: Have a seat. We'll have a jury here if you want a trial by jury. Okay. You may have a seat in the court room.

But I feel under the circumstances, in fairness to all of the parties involved, I am not going to continue the case at this time.

JAMES EMORY MORELAND: I don't see how I can get a fair trial.

THE COURT: Have a seat in the court room. We will go with the trial in a few minutes. Okay, sir.

No further inquiries were made and the court proceeded with the trial.

In requiring appellant to proceed to trial without an attorney, the court, in effect, found that appellant had waived his right to counsel pursuant to Md. Rule 4–215(c). Maryland Rule 4–215(c) addresses the situation where a defendant is fully advised of his right to counsel but, in spite of the advice, appears in court without counsel. The rule states that unless the defendant presents a meritorious reason why he does not have counsel, he may be found to have waived his right to counsel. The trial court's determination of waiver was premised on its conclusion that appellant lacked a meritorious reason for not securing counsel.

We shall first review the law regarding Rule 4–215(c) waivers and then shall examine the facts of this case to decide whether the trial court's determination of waiver was correct.

a. *The Law*

In *Leonard v. State,* 302 Md. 111, 486 A.2d 163 (1985), the Court of Appeals considered whether a defendant's disruptive conduct can rise to a level that would excuse a trial court from the necessity of giving the explanation of rights required under Rule 4–215(a). The answer was that, even when a defendant is very disruptive, "the record must clearly reflect that the trial court made a reasonable effort to inform the defendant of his rights." *Id.*, 127, 486 A.2d 163. This reasoning also applies, we believe, to waiver determinations. Thus, when ruling that a defendant has waived his right to counsel, the court must place on the record the factual predicate justifying the finding of waiver. Having decided that the trial court is responsible for seeing to it that the trial record supports its ruling, we now consider the various actions that a court must take in order

to find a valid waiver of the right to counsel under Md. Rule 4–215(c).

When a defendant appears in court without an attorney, the trial court is required to explain to him the various matters set forth in Md. Rule 4–215(a). The defendant may, at that point, waive his right to counsel. If the defendant does not choose to waive the right, the trial court must provide him with a reasonable opportunity to hire a private attorney or request public defender assistance. If, after that is done, the defendant reappears in court without an attorney but refuses to give an express waiver of his right to counsel, the trial court must decide whether the waiver provided in Rule 4–215(c) applies.

In order to decide whether a Rule 4–215(c) waiver has been made, a trial court must conduct an inquiry to determine why the defendant does not have either a private attorney or a public defender. If the defendant satisfactorily explains the absence of a private attorney based on his inability to afford one, the court must attempt to determine why he is not represented by the public defender. In order for a defendant to show that he has a meritorious reason for not being represented by the public defender, he must, at a minimum, show that he made a timely request and that he was refused representation.[1]

■ In summary, in order for a trial court to determine that a defendant has waived his right to counsel by virtue of Md. Rule 4–215(c), the court must

First: Present to the defendant an explanation of the matters set forth in Rule 4–215(a);

---

1. When the public defender's office refuses to represent a defendant on the ground that the defendant does not satisfy the financial requirements for free representation, the court is required to make an independent inquiry into the defendant's finances. In some situations, the court may even be required to appoint counsel under art. 27A, § 6(f). *See Baldwin v. State,* 51 Md.App. 538, 444 A.2d 1058 (1982).

Second:  Afford the defendant an opportunity to secure counsel; and

Third:  If the defendant does not retain counsel, conduct an on the record inquiry to determine whether the defendant has a meritorious reason for not having counsel.

### b.  *The Instant Case*

There is no doubt here that the court explained to appellant what was required to be explained under Md. Rule 4–215(a).  The court also gave appellant sufficient time to retain an attorney.  The question is whether the appellant had a meritorious reason for not securing counsel.  Clearly, he had a meritorious reason for not retaining private counsel.  He testified that he lacked the money to hire a private attorney and the State did not refute that testimony.  Thus, the question is reduced to whether appellant had a meritorious reason for not obtaining representation by the public defender.

To answer that question, we begin by examining the facts.  The facts show that appellant knew about the public defender system.  He also knew that if he did not retain a private attorney, he was responsible for contacting the public defender's office in time for them to provide him with counsel for the September 26, 1985 trial.  The facts also show, however, that appellant was in jail from mid-June until a few days before trial and that, during that time, he spent most, if not all, of his money on back child support payments.  Appellant stated, or at least fairly implied, that he had spoken with the public defender and was told that he made too much money to qualify for public defender assistance.  No evidence was offered to show when appellant spoke with the public defender's office.  There is nothing in the record to show whether appellant ever actually requested public defender assistance.

■  These facts actually prove nothing, but simply suggest that either of two very different courses of events

occurred. First, it is possible that appellant did not make a timely and *bona fide* request for public defender assistance. His conversation with the public defender may have occurred long before trial; he, in fact, may have never even requested public defender representation. On the other hand, he may have made a timely request and been refused assistance. No reason exists why either of these explanations should be preferred to the exclusion of the other. The facts are simply ambiguous. The law requires, however, that a trial court not find that a defendant has waived his right to counsel unless the record unequivocally supports the waiver. *See Leonard, supra,* 302 Md. at 128–29, 486 A.2d 163; *Fowlkes v. State,* 67 Md.App. 102, 119–20, 506 A.2d 660 (1986). Because the facts relating to the waiver issue are ambiguous, they do not provide a sufficient basis to justify the trial court's determination of waiver.

The ambiguity exists because no evidence was presented to show either the date that appellant spoke with the public defender or whether in fact he ever requested public defender assistance. This ambiguity must be resolved before the determination of waiver may be made. If the facts show that appellant was at fault[2] for not securing public defender assistance, the trial court would be justified in determining that appellant lacked a meritorious reason for not having counsel and consequently could find waiver by virtue of Md. Rule 4–215(c). On the other hand, if appellant made a timely request, but was refused assistance, such refusal could amount to a meritorious reason for not having counsel. In such event, the waiver provisions of Md. Rule 4–215(c) would be inapplicable. Furthermore, if the facts show that appellant was refused public defender assistance

---

**2.** We do not intend to specify what actions would constitute fault. However, based on the record presented to us, it appears that the fault question could be resolved simply by determining the date on which appellant spoke with the public defender and what, precisely, was said. If it is shown that his conversation with the public defender was either long before trial or very close in time to the trial, fault could be charged to appellant on the theory that he did not make a proper effort to retain counsel.

because he was deemed financially unqualified, the trial court would have to conduct a further inquiry to decide whether appellant was entitled to court-appointed counsel. The particulars of such inquiry were set forth by us in *Baldwin v. State, supra.*

We vacate the judgment and remand the proceedings to the circuit court to redetermine whether appellant's waiver of his right to counsel was valid. *See Wiener v. State,* 290 Md. 425, 430 A.2d 588 (1981); *Reid v. State,* 305 Md. 9, 501 A.2d 436 (1985); *Bates v. State,* 64 Md.App. 279, 494 A.2d 976 (1985). If the court finds that the waiver was valid, the judgment may be reentered. If, on the other hand, the circuit court finds that the waiver was invalid, the judgment must remain stricken and a new trial ordered.

JUDGMENT VACATED; CASE REMANDED UNDER MD. RULE 1071 TO CIRCUIT COURT FOR CHARLES COUNTY FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH THIS OPINION. COSTS TO BE PAID BY CHARLES COUNTY.