536 A.2d 116

**Vaughn JONES**

v.

**Marilyn JOHNSON, et al.**

**No. 622, Sept. Term, 1987.**

Court of Special Appeals of Maryland.

Jan. 18, 1988.

John L. Kopolow, Asst. Public Defender (Alan H. Murrell, Public Defender, on brief), Baltimore, for appellant.

Mary Ellen Barbera, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for appellees.

Submitted before BISHOP, GARRITY and ALPERT, JJ.

BISHOP, Judge.

Vaughn Jones (Jones) appeals from orders of the Circuit Court for Caroline County finding him in arrears in child support payments and sentencing him to the Division of Correction. He raises three questions:

I. Did the trial judge err by finding that appellant, by neglect, had waived his right to counsel?

II. Did the trial judge err in ordering appellant incarcerated for civil contempt where there was no evidence and no finding of appellant's ability to comply with the order for support payments?

III. Is the order of incarceration for civil contempt illegal because it does not contain a purging provision with which appellant had the ability to comply?

## FACTS

On February 6, 1987, the Caroline County Bureau of Support Enforcement filed a petition alleging that Jones's child support payments on Paternity No. 491 were $1608.22 in arrears and that his child support payments on Paternity No. 794 were $1520.00 in arrears.

At the first hearing, held on March 19, 1987, Jones appeared before the court without counsel. When asked by the court whether he wanted the opportunity to get a lawyer, he replied that he did. The judge then asked if he had applied to the Public Defender's Office and Jones responded that he had had a private lawyer. The court acceded to his request and continued the case for 15 days, until the morning of April 3, 1987, so that Jones could obtain a lawyer.

Jones appeared at the April 3rd hearing without counsel. When asked by the court for an explanation, he replied that he could not pay for the private attorney and that he had an appointment with the Public Defender's Office at 12:30 that afternoon. The court responded that the appointment would be too late because the case was going to be tried at that time. Appellant was found in contempt for failure to pay $1913.00 and sentenced to the Division of Correction for 191 days.

## I.

■ The contempt proceeding in the case *sub judice* was civil in nature and was intended not as punishment but, rather, to coerce Jones to comply with the court ordered support for the benefit of his children. *See Elzey v. Elzey*, 291 Md. 369, 373, 435 A.2d 445 (1981); *McDaniel v. McDaniel*, 256 Md. 684, 687–88, 262 A.2d 52 (1970); *Lee v. State*, 56 Md.App. 613, 622, 468 A.2d 656 (1983). Under the Due Process Clause of the Fourteenth Amendment and Article 24 of the Maryland Declaration of Rights, "an indigent defendant in a civil contempt proceeding cannot be sen-

tenced to incarceration unless he has been afforded the right to appointed counsel." *Rutherford v. Rutherford,* 296 Md. 347, 363, 464 A.2d 228 (1983). In *Dishman v. Dishman,* 59 Md.App. 435, 442, 476 A.2d 213 (1984), we remanded a civil contempt case involving non-payment of child support because the record was incomplete as to whether there was "an intelligent, voluntary and knowing waiver" of the right to counsel.

■ The record in the case *sub judice* indicates that the trial judge proceeded with the April 3, 1987 hearing after he concluded that Jones had "waived [his] right to an attorney by fooling around".[1] This finding is clearly not in compliance with the requirements of Md.Rule 4–215. The Rule provides in pertinent part:

(a) **First Appearance in Court Without Counsel.**—At the defendant's first appearance in court without counsel, the court shall:

(1) Make certain that the defendant has received a copy of the charging document containing notice as to the right to counsel.

(2) Inform the defendant of the right to counsel and of the importance of assistance of counsel.

(3) Advise the defendant of the nature of the charges in the charging document, and the allowable penalties, including mandatory penalties, if any.

(4) Conduct a waiver inquiry pursuant to section (b) of this Rule if the defendant indicates a desire to waive counsel.

(5) If trial is to be conducted on a subsequent date, advise the defendant that if the defendant appears for trial without counsel, the court could determine that the defendant waived counsel and proceed to trial with the defendant unrepresented by counsel.

---

1. It is significant that only fifteen days had elapsed between the first hearing on March 19th and the morning of April 3rd, the date on which appellant had an early afternoon appointment with the Public Defender.

The clerk shall note compliance with this section in the file or on the docket.

. . . . .

**(d) Waiver by Inaction—Circuit Court.**—In circuit court, if a defendant who has appeared before that court pursuant to section (2) of this Rule appears without counsel on the date set for a hearing or trial and indicates a desire to have counsel, the court shall permit the defendant to explain the appearance without counsel. If the court finds that there is a meritorious reason for the defendant's appearance without counsel, the court shall continue the action to a later time and advise the defendant that if counsel does not enter an appearance by that time, the action will proceed to trial with the defendant unrepresented by counsel. If the court finds that there is no meritorious reason for the defendant's appearance without counsel, the court may determine that the defendant has waived counsel by failing or refusing to obtain counsel and may proceed with the hearing or trial.

The State argues that Rule 4–215 is a criminal rule prescribing the conduct of criminal trials and that it is inapplicable in civil proceedings. We disagree.[2] Rule 4–215 implements the constitutional right to the assistance of counsel. The Court of Appeals made clear in *Rutherford, supra,* that "an indigent defendant in a civil contempt proceeding *cannot be sentenced to actual incarceration unless counsel has been appointed* to represent him *or he has waived the right to counsel."* 296 Md. at 363, 464 A.2d 228 (emphasis added; footnote omitted). Furthermore, the fact that Rule 4–215 is found within the rules governing pretrial procedure in criminal causes has not previously precluded its application in a civil context. *See State v. Bryan,* 284 Md. 152, 158, 395 A.2d 475 (1978) (Rule 723, predecessor of Rule 4–215, applies to civil probation revocation hearing).

---

**2.** The State concedes in its brief that if the provisions of Rule 4–215 are applicable to civil contempt proceedings, the court's failure to comply with the rule requires reversal.

In *Moreland v. State,* 68 Md.App. 78, 510 A.2d 261 (1986), we summarized the steps a trial court must take in order to determine whether a defendant has waived his right to counsel by inaction.[3] They are:

First:  Present to the defendant an explanation of the matters set forth in Rule 4–215(a);

Second:  Afford the defendant an opportunity to secure counsel;  and

Third:  If the defendant does not retain counsel, *conduct an on the record inquiry to determine whether the defendant has a meritorious reason for not having. counsel.*

68 Md.App. at 82–83, 510 A.2d 261 (emphasis added).  From the record in the case *sub judice,* it is clear that Jones was not advised of his rights under Rule 4–215(a) at either his first or his second hearing.  He was also not told that if he appeared without a lawyer at the second hearing he would be deemed to have waived his right to a lawyer.  This violation of the Rule requires reversal.

We hasten to add that the application of Rule 4–215 does not elevate a civil contempt proceeding to the status of "criminal prosecution" within the meaning of U.S. Const. amend VI and Md. Const. Declaration of Rights, art. 21. *Bryan, supra,* 284 Md. at 159 n. 6, 395 A.2d 475.

## II.

█ The trial court also erred when it ordered Jones incarcerated for civil contempt without ruling on his present ability to pay the amount in arrears.  In *Elzey, supra,* the Court of Appeals discussed a defendant's ability to comply with a civil contempt order and stated:

In all civil contempt proceedings, any order imposing a penalty upon the defendant must contain a purging provision with which the defendant has the ability to comply.

---

**3.** Moreland dealt with Rule 4–215(c) Waiver by Inaction–District Court. The same logic and reasoning applies to subsection (d) Waiver by Inaction—Circuit Court, which is applicable here.

The 'choice' must be the defendants 'as to whether [he can] comply'.

Consequently, with regard to civil contempt proceedings based upon the defendant's failure to comply with a decree ordering support payments, 'imprisonment may be avoided by showing that one has neither the money nor the ability to pay'. Moreover, the issue is not the ability to pay at the time the payments were originally ordered; instead the issue is his *present* ability to pay.

291 Md. at 374, 435 A.2d 445 (citations omitted, emphasis in original). *Elzey* also stands for the proposition that a defendant's prior failure to comply with a support order, even if done in bad faith, does not justify incarceration for civil contempt if there is a *present* financial inability to comply. 291 Md. at 375–76, 435 A.2d 445.

Here, the court made no finding as to whether Jones had a *present* ability to comply and instead focused its attention on his repeated failure to make payments in the past. While the burden was on Jones to prove his present inability, *McDaniel, supra,* 256 Md. at 692, 262 A.2d 52, until he was given the opportunity to do so he should not have been incarcerated. *Johnson v. Johnson,* 241 Md. 416, 420, 216 A.2d 914 (1966).

### III.

▮ "[A] defendant may be imprisoned for civil contempt so long as the purpose of the imprisonment is remedial and the contemnor has an opportunity to purge the contempt, that is to say, that he carries the keys to the prison in his pocket." *Thorne v. Thorne,* 70 Md.App. 27, 36, 519 A.2d 1311 (1987). In the case *sub judice,* there was no finding that Jones had a "present ability to pay" the arrearage. As a result, it is impossible for us to determine whether he did have "the keys to the prison in his pocket" in the form of the money to pay the arrearage and thereby to free himself.

In addition, it appears from the record that the trial judge calculated Jones's sentence at $10.00 per day, since he sentenced appellant to 191 days for an arrearage of

$1913.22. The record indicates the same judge had previously sentenced appellant to 147 days for an arrearage of $1475.00 and credited him with that amount for having served the 147 days. This runs counter to the purpose of civil contempt proceedings in non-support cases. The fixed term of imprisonment imposed upon Jones in no way serves to coerce him to comply with court ordered support for the benefit of his children. It is oxymoronic for the court to sentence for contempt at a per diem rate for failure to pay support and then credit to the defendant the amount due and owing after the time is served. The whole purpose of the proceeding, to obtain compliance with the order and provide support for the dependents, is thwarted. Here, the purpose of the imprisonment is not "remedial" but is "substitutionary" and it is therefore improper. *See generally Thorne, supra,* at 37, 519 A.2d 1311 (a defendant may be imprisoned for civil contempt so long as the purpose of the imprisonment is remedial); *State v. Roll and Scholl,* 267 Md. 714, 728, 298 A.2d 867 (1973) (civil contempt proceedings are generally remedial in nature and are intended to coerce future compliance).

JUDGMENT REVERSED; CASE REMANDED FOR A NEW TRIAL; COSTS TO BE PAID BY CAROLINE COUNTY.