626 A.2d 968

Jerry E. MOORE

v.

STATE of Maryland.

No. 4, Sept. Term, 1993.

Court of Appeals of Maryland.

June 29, 1993.

Nancy M. Cohen, Asst. Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for petitioner.

Mary Ellen Barbera, Asst. Atty. Gen., (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI, and ROBERT M. BELL, JJ.

ROBERT M. BELL, Judge.

We granted certiorari to consider the propriety of the finding by the Circuit Court for Baltimore City that Jerry E. Moore, the petitioner, waived his right to counsel by inaction and whether a criminal trial may proceed in the absence of both the defendant and counsel. 329 Md. 601, 620 A.2d 940. We shall hold that the trial court erred in finding a waiver of counsel by inaction and, so, we shall reverse the petitioner's conviction and remand the case for a new trial. Consequently, we do not reach the second, and more interesting, issue.

Having been charged with possession of a handgun, pursuant to Maryland Code (1957, 1992 Repl.Vol.), Art. 27 § 36B, the petitioner appeared in the District Court of Maryland sitting in Baltimore City, on December 10, 1991, the date set

for trial, and prayed a jury trial. He was not represented by counsel. Consistent with the instructions he received at that time, on the next day, the petitioner appeared in the Circuit Court for Baltimore City.[1] Once again, he was unrepresented by counsel. When his case was called some preliminaries were disposed of, the following colloquy occurred:

THE COURT: Who is your attorney, sir?

THE DEFENDANT: Mr. Richards.

THE COURT: Where is he?

THE DEFENDANT: Uh, I haven't finished paying the fee.

THE COURT: Then you don't have an attorney, sir.

THE DEFENDANT: No.

THE COURT: What is the trial history of this case in District Court?

MR. ROSE [Assistant State's Attorney]: Pardon?

THE COURT: What is the history of this case in district court?

MR. ROSE: Your Honor, I am not sure.

THE COURT: What do we show in terms of the history of this case?

MR. ROSE: I know that it was originally scheduled for September 30, 1991.

THE COURT: Was it postponed from that date?

THE DEFENDANT: Yes.

THE COURT: Why?

THE DEFENDANT: Because the officer wasn't there.

THE COURT: What was the next date?

THE DEFENDANT: The next date was yesterday.

THE COURT: From September 30 to December?

THE DEFENDANT: The lawyer has my papers.

---

1. The Circuit Court for Baltimore City, since 1989, has offered an "instant jury trial" whenever a jury trial is prayed in the District Court. Under the "instant jury trial" procedure, *see* Maryland Rule 4–301(b), the case is transferred from the District Court to the circuit court for an immediate jury trial.

THE COURT: Pardon me?

THE DEFENDANT: The lawyer has my papers.

THE COURT: Sir, obviously you understand that you have the right of representation to counsel?

THE DEFENDANT: Yes, sir.

THE COURT: But we can't postpone these cases or continue these cases indefinitely for you to obtain counsel. We are not going to postpone it any further. It is going to go to trial.

The court finds that you have waived your right of counsel.

THE DEFENDANT: I have no attorney. I don't have my lawyer here.

THE COURT: Well, sir, you have—you had since whatever time that you were arrested until the other day to get a lawyer and finish making the payments, and it hasn't been done.

THE DEFENDANT: I just started working. I have my pay stubs.

THE COURT: Sir, that's fine. I'm sorry. I'm sorry for the problems and difficulties, but if you run into financial difficulty that does not permit you to hire the attorney you desire, you should qualify—you should seek to qualify for the services of the Public Defender.

THE DEFENDANT: If I'm not mistaken, they had told me that by me and my wife working, that we weren't eligible.

THE COURT: Then you have to make other arrangements, sir. I can understand your circumstances and I can understand the situation that you face, but at the same time these cases have to be tried. We cannot wait indefinitely on each individual to decide when they are going to make the final payment to the attorney to hire them. And this case is going to trial, sir.

The petitioner entered a plea of not guilty and, after being advised of the nature of a jury trial, elected a court trial. He

was directed to Part 22 of the circuit court for trial. In Part 22, the petitioner elected a jury trial. The court recessed for the day after empaneling the jury and the petitioner was instructed to return on the following day, when trial was to begin. The petitioner did not appear and the trial proceeded in his absence.

Maryland Rule 4–215(d) provides:

(d) *Waiver by Inaction—Circuit Court.*—If a defendant appears in circuit court without counsel on the date set for hearing or trial, indicates a desire to have counsel, and the record shows compliance with section (a) of this Rule, either in a previous appearance in the circuit court or in an appearance in the District Court in a case in which the defendant demanded a jury trial, the court shall permit the defendant to explain the appearance without counsel. If the court finds that there is a meritorious reason for the defendant's appearance without counsel, the court shall continue the action to a later time and advise the defendant that if counsel does not enter an appearance by that time, the action will proceed to trial with the defendant unrepresented by counsel. If the court finds that there is no meritorious reason for the defendant's appearance without counsel, the court may determine that the defendant has waived counsel by failing or refusing to obtain counsel and may proceed with the hearing or trial.[2]

---

**2.** Rule 4–215(a) provides:

(a) *First Appearance in Court Without Counsel.*—At the defendant's first appearance in court without counsel, or when the defendant appears in the District Court without counsel, demands a jury trial, and the record does not disclose prior compliance with this section by a judge, the court shall:

(1) Make certain that the defendant has received a copy of the charging document containing notice as to the right to counsel.
(2) Inform the defendant of the right to counsel and of the importance of assistance of counsel.
(3) Advise the defendant of the nature of the charges in the charging document, and the allowable penalties including mandatory penalties, if any.
(4) Conduct a waiver inquiry pursuant to section (b) of this Rule if the defendant indicates a desire to waive counsel.

The petitioner does not argue that the court failed to comply with Rule 4–215(a); he concedes that, by virtue of a 1991 amendment, the circuit court does not have to comply with that section so long as the record reflects that a District Court judge has already done so. The petitioner contends instead that the court refused to allow him an opportunity to explain his appearance at trial without counsel and, in so doing, did not make the "required finding as to whether such reasons were meritorious," as required by Maryland Rule 4–215(d). The Court of Special Appeals, which affirmed the petitioner's convictions in an unreported opinion, rejected those contentions. It thought it implicit in the trial court's comments that that court found the petitioner's reasons for appearing without counsel to be non-meritorious. Moreover, the intermediate appellate court held that the petitioner's acknowledgement, made in response to the court's inquiry concerning his attorney's whereabouts, that he had not finished paying his lawyer "was sufficient to satisfy the requirement of Maryland Rule 4–215(d) that the court permit the defendant to explain his appearance without counsel."[3]

---

(5) If trial is to be conducted on a subsequent date, advise the defendant that if the defendant appears for trial without counsel, the court could determine that the defendant waived counsel and proceed to trial with the defendant unrepresented by counsel. The clerk shall note compliance with this section in the file or on the docket.

3. Notwithstanding its recognition that the 1991 amendment relieved the circuit court of the need to comply with subsection (a) when a District Court judge has done so already, the Court of Special Appeals viewed the petitioner's "entire argument concerning waiver of counsel [as if] he was attempting to assert that the circuit court failed to comply with the requirements of subsection (a) of Rule 4–215 in finding an appellant waived his right to counsel by inaction pursuant to subsection (d) of said Rule." Perusal of the brief the petitioner filed in the Court of Special Appeals reveals that he never made that argument. His argument was:

The trial Court simply refused to allow appellant to explain why he appeared without counsel. The colloquy that occurred between Judge Mitchell and Appellant was completely inadequate to comply with Rule 4–215(d). Having failed to afford appellant an opportunity to explain his reasons, the trial court necessarily failed to make the

As the petitioner sees it, Rule 4–215(d) requires a judge faced with a possible waiver of counsel by inaction situation must do two things: (1) permit the defendant to explain the reason for appearing without counsel and (2) determine whether that reason is meritorious. In this case, the petitioner asserts, the court did neither. While conceding that he was asked where counsel was, to which he responded that he had not finished paying the fee, he asserts that no further meaningful information was sought, or, so far as the record reflects, even wanted by the trial judge. He was not asked before the court's waiver determination was made why the fee was not paid or even whether the petitioner had sought representation from the Public Defender's office. In fact, the petitioner asserts, that the waiver finding having been made, nothing he said was considered by the trial judge; that the case be tried immediately was the trial judge's only apparent concern.

 The State concedes, as it must, *see Maus v. State,* 311 Md. 85, 113, 532 A.2d 1066, 1080 (1987), that Rule 4–215(d) requires the court first to permit a defendant to explain why he or she has appeared without counsel and, second, to determine whether, considering that explanation, the defendant has a meritorious reason for appearing without counsel. The State also recognizes that the Rule is mandatory, *see Williams v. State,* 321 Md. 266, 271, 582 A.2d 803, 805 (1990), so that non-compliance results in reversal of the petitioner's conviction. The State differs from the petitioner, however, in that it believes, essentially for the reasons given by the Court of Special Appeals, that the court complied with the rule, there being no prescribed or set form of inquiry required.

 The petitioner revealed, in response to the court's inquiry, that he had not finished paying his lawyer. Based upon this information and the court's perception that the petitioner understood that he had a right to be represented by counsel, the court determined that the petitioner had waived

---

*required* finding as to whether such reasons were meritorious. The Court presumed waiver and denied Appellant his right to counsel. Appellant's Brief in the Court of Special Appeals at 6.

his right to counsel. Protesting, the petitioner informed the court that he had just started work, offering his pay stubs. Although the court professed to understand his difficulty, it admonished the petitioner that he should have sought alternative representation from the Public Defender's office. When the petitioner advised the court that he had done so, the court, again expressing some understanding of the circumstances, simply reiterated that "these cases have to be tried" and admonished the petitioner that "you have to make other arrangements." Without even a hint of further inquiry the court doggedly maintained its insistence that the case go to trial. On this record, *see Parren v. State*, 309 Md. 260, 270–71, 523 A.2d 597, 602 (1987); *Crowder v. State*, 305 Md. 654, 657, 506 A.2d 240, 241 (1986), we hold that the court violated Rule 4–215.

■ We agree with the State that what the rule mandates is that the defendant be allowed an opportunity to explain the reason for appearance without counsel "sufficient to allow the court to determine whether the reason is meritorious." We believe, however, that the record must also be sufficient to reflect that the court actually considered those reasons. This record reveals the existence of information relevant to the petitioner's reason for appearing without counsel. Without further inquiry, however, it could not be determined whether those reasons were meritorious. Rather than pursue such an inquiry, which was clearly suggested by the circumstances, the court in effect ignored the relevant information offered by the petitioner in favor of maintaining its position that "we can't postpone these cases or continue these cases indefinitely for you to obtain counsel."

■ The fact that a defendant has not finished paying his or her lawyer, without more, may not be a meritorious reason for appearing without counsel. When, however, that defendant's recent employment is added to the mix, it may be. An inquiry may reveal that the defendant delayed in seeking employment or some other reason for concluding otherwise. Similarly, although the proffer that a defendant sought the

assistance of the public defender when it became obvious that he or she could not pay private counsel but was refused representation is consistent with a meritorious reason for appearing without counsel, inquiry into the circumstances might reveal that it is not.

While the rule does not require the conduct of an inquiry in any particular form, this does not mean that the court may ignore information relevant to whether the petitioner's inaction constitutes waiver; the court is not relieved of the obligation to make such inquiry as is required to permit it to exercise discretion required by the rule.

JUDGMENT REVERSED; CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE CITY FOR NEW TRIAL. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY THE MAYOR & CITY COUNCIL OF BALTIMORE.