654 A.2d 944

Shawn L. BROWN

v.

STATE of Maryland.

No. 881, Sept. Term, 1994.

Court of Special Appeals of Maryland.

March 3, 1995.

Claudia A. Cortese, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

M. Jennifer Landis, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Davis R. Ruark, State's Atty. for Wicomico County, Salisbury, on the brief), for appellee.

Submitted before ALPERT, BLOOM and FISCHER, JJ.

ALPERT, Judge.

Appellant, Shawn L. Brown, was charged with two counts of distribution of cocaine and two counts of possession of cocaine. He was tried in the Circuit Court for Wicomico County on

April 13, 1994, and he was convicted on all counts. On May 6, 1994, appellant was sentenced to two consecutive terms of ten years each. This appeal followed, wherein appellant poses the following question: "Did the trial court comply with the requirements of Maryland Rule 4–215 (waiver of counsel)?" To answer that question, we must determine whether the rule applies once the trial has commenced. We hold that the rule does indeed apply even after trial has commenced and further, that the trial court did not comply with the rule. Therefore, we reverse the conviction and remand for a new trial.

### Facts and Proceedings

Shawn L. Brown, appellant, was arrested after officers purchased twenty dollars of crack cocaine from him on October 26, 1993, and again on November 12, 1993. At trial, the following colloquy occurred:

[DEFENSE COUNSEL]: My client wishes to dismiss me at this point in time.

THE COURT: For what reasons?

[DEFENSE COUNSEL]: I guess on the advice of his father.

DEFENDANT'S FATHER: You can't represent him. You don't know nothing about his case, sir.

THE COURT: We are in the middle of the trial. We will proceed.

Go ahead.

[DEFENSE COUNSEL]: Am I—

THE COURT: You are still counsel, yes.

No further inquiry was made by the court pertaining to the representation of appellant. Appellant was convicted and sentenced to two consecutive ten-year terms. This appeal followed.

### Discussion

Appellant argues that the trial court failed to comply with the requirements of Maryland Rule 4–215(e). Rule 4–215(e) provides that

[i]f a defendant requests permission to discharge an attorney whose appearance has been entered, the court shall permit the defendant to explain the reasons for the request. If the court finds that there is a meritorious reason for the defendant's request, the court shall permit the discharge of counsel; continue the action if necessary; and advise the defendant that if new counsel does not enter an appearance by the next scheduled trial date, the action will proceed to trial with the defendant unrepresented by counsel. If the court finds no meritorious reason for the defendant's request, the court may not permit the discharge of counsel without first informing the defendant that the trial will proceed as scheduled with the defendant unrepresented by counsel if the defendant discharges counsel and does not have new counsel. If the court permits the defendant to discharge counsel, it shall comply with subsection (a)(1)–(4) of this Rule if the docket or file does not reflect prior compliance.

Md. Rule 4–215(e) (1994).

Appellant argues that under *Williams v. State*, 321 Md. 266, 272, 582 A.2d 803 (1990), the provisions of Rule 4–215(e) are mandatory and are necessary to protect the constitutional right to counsel. In *Williams*, the defendant, prior to his trial, asked the judge if he could be represented by a different attorney. *Id.* at 267, 582 A.2d 803. The judge made no inquiry of Williams to ascertain his reasons for requesting new counsel; rather, he denied the request outright and defendant proceeded to trial. *Id.* at 268, 582 A.2d 803. On review, the Court of Appeals held that "failure to allow a defendant to explain his request for new counsel directly affects his constitutional rights" and, accordingly, held that the court's failure to comply with Rule 4–215(e) was reversible error. *Id.* at 274, 582 A.2d 803 (citations omitted).

Appellant asserts that in the case *sub judice* the trial court failed to allow him to explain his reasons for requesting new counsel. Thus, he contends, reversal is required under *Williams*. The State disagrees, arguing that the trial court properly denied Brown's request to discharge his counsel.

First, the State points out that the request was made during trial, just prior to the conclusion of the State's direct examination of a witness. The State argues that Rule 4–215(e) pertains only to *pretrial* waiver and therefore, is inapplicable in the instant case. Second, the State contends that allowing defendants to change counsel in the middle of trial would encourage them to wait to see how their trial was going and then decide whether they find their representation adequate. This, argues the State, could result in many mistrials and would interfere with the swift administration of justice. Third, the State asserts that, even if Rule 4–215 were applicable in this case, the judge did make a proper inquiry and complied with the requirements of the Rule. The State argues that the court specifically inquired into Brown's reasons for wanting to discharge his counsel, and that Brown's father made the court aware of the reason for the request. Then, asserts the State, the court properly determined that the reason given was not meritorious. The State contends, therefore, that the court properly complied with Rule 4–215. We disagree.

■ The State's first argument, that Rule 4–215(e) is inapplicable at trial, is without merit. The State points to the fact that Title 4 of the Maryland Rules deals with criminal causes and chapter 200 of this title is entitled "Pretrial Procedures." Since Rule 4–215 is located in this title and chapter, the State asserts that it was clearly intended to be applied only during pretrial procedures.

Appellant disagrees, arguing that Rule 4–215(e) is applicable to his case, despite the fact that his request for new counsel was made during trial, not pretrial. Recognizing the fact that the rule does appear under the "Pretrial Procedures" heading, appellant contends it does not necessarily follow that the Rule is inapplicable at trial. Citing the case of *Fowlkes v. State,* 311 Md. 586, 536 A.2d 1149 (1988), appellant explains that the time at which an accused asserts his or her right to discharge an attorney is of no significance. In *Fowlkes,* the Court of Appeals explained that

[a]n accused who, *at or shortly before trial* and without justification, insists on discharging his counsel and demands the appointment of new counsel, may properly be deemed to have waived his right to counsel if he is sufficiently informed in accordance with Rule 4–215. . . .

311 Md. at 604, 536 A.2d 1149 (emphasis added). We agree with appellant's reading of *Fowlkes*. A plain reading of the wording in *Fowlkes* indicates that the Court intended Rule 4–215 to be applied when an accused asserts his right to discharge counsel either *at trial* or *shortly before trial*. In the instant case, Brown asserted his right at trial; therefore, the court should have complied with Rule 4–215.

Additionally, we have reviewed the minutes of the meeting of the Court of Appeals Standing Committee on Rules of Practice and Procedure at which Rule 3–305(d), the predecessor to Rule 4–215(e), was taken under consideration.[1] The minutes indicate that the intent of the Committee was to require compliance with the Discharge of Counsel Rule both pre-trial and at trial. The minutes of the meeting read:

---

1. On November 19–20, 1982, the Rules Committee considered Rule 3–305, a rule governing the provision or waiver of counsel. Rule 3–305(d) read as follows:

Discharge of Counsel—Waiver

If a defendant requests permission to discharge an attorney whose appearance has been entered, the court shall permit the defendant to explain the reasons for the request. If the court finds that there is a meritorious reason for the defendant's request, the court shall permit the discharge of counsel; continue the case if necessary; and advise the defendant that if new counsel does not enter an appearance by the next scheduled trial date, the case will proceed to trial with the defendant unrepresented by counsel. If the court finds no meritorious reason for the defendant's request, the court may not permit the discharge of counsel without first informing the defendant that the trial will proceed as scheduled and that if the defendant does not have counsel at the trial, the court will determine that the defendant has waived counsel by failing or refusing to retain new counsel. If the court permits the defendant to discharge counsel, it shall comply with section (a) of this rule if the docket or file do not reflect prior compliance. The court shall insure that the docket or file reflects compliance with this section.

While the wording of Rule 3–305(d) is not precisely the same as the wording in Rule 4–215(c), these provisions are substantially the same.

Mr. Herrmann asked if section (d) [of Rule 3–305] is intended to apply at trial. Mr. Ryan replied that *it applies at any time before trial or at trial and is designed to afford flexibility.* Mr. Nilson remarked that what is a meritorious reason will vary depending upon the timing of the request relative to the trial date.

Minutes from the Court of Appeals Standing Committee on Rules of Practice and Procedure Meeting, Nov. 19–20, 1982 (emphasis added). The minutes of the meeting make clear that it was the intent of the Rules Committee that Rule 4–215(e) apply both before trial and at trial. Accordingly, given the intent of the Rules Committee, together with the holding in *Fowlkes* and the fact that the provisions of this Rule are mandatory under *Williams,* we hold that the court was bound to comply with Rule 4–215(e) in the case *sub judice.*

The State's second contention, that any request to obtain new counsel during trial should be viewed as suspect, is also without merit. Aside from the fact that the State offers no legal support for this policy argument, it is a basic tenet of constitutional law that all defendants have a right to have effective assistance of counsel and to reject that assistance and defend themselves. *Snead v. State,* 286 Md. 122, 123, 406 A.2d 98 (1979). It is a court's obligation to protect these constitutional rights, regardless of when the right is asserted by the defendant. To protect that right, when a defendant requests substitute counsel, the court shall make a formal inquiry into the defendant's reasons for his or her dissatisfaction with present counsel. *United States v. Robinson,* 913 F.2d 712, 716 (9th Cir.1990), *cert. denied,* 498 U.S. 1104, 111 S.Ct. 1006, 112 L.Ed.2d 1089 (1991). It is still within the judge's discretion to determine whether the reasons given are meritorious, *United States v. Gallop,* 838 F.2d 105, 108 (4th Cir.), *cert. denied,* 487 U.S. 1211, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988), and a request can swiftly be denied if the judge finds the reasons to be without merit. Thus, the State is incorrect in asserting that requiring a judge to comply with Rule 4–215(e) at trial will impede the swift administration of justice.

■ The State's third argument, that the judge complied with the requirements of Rule 4–215(e) in the instant case, is likewise without merit. Under the Rule, the court shall permit a defendant to explain his reasons for requesting to discharge an attorney. Here, the trial court made no such inquiry of appellant, as is required under Rule 4–215(e). It is true that after Brown's counsel noted that Brown wished to discharge him, the court asked "For what reasons?" It was Brown's father, however, not Brown, who replied to that question. The State argues that Brown chose not to reply to this question posed by the court, but the court, nonetheless, was given an explanation for the request as is required under the Rule. Therefore, argues the State, this case is distinguishable from *Williams,* because there the court made no inquiry whatsoever. Furthermore, the State contends that since the court was made aware of a reason for appellant's request to discharge counsel, the judge was well within his discretion to find that the reason given was without merit.

We do not agree. The inquiry made by the court in the instant case was not sufficient to comply with the requirements of Rule 4–215(e). Rule 4–215(e) specifically requires the court to "permit the *defendant* to explain the reasons for the request [to discharge an attorney]." (emphasis added). It is clear in this case that Brown did not explain his reasons for requesting to discharge his counsel. While the court did ask why Brown wanted to discharge his attorney, the court never heard the reasons for the request from Brown himself. By failing to allow Brown to explain personally his reasons for wanting to discharge his counsel, the court did not comply with Rule 4–215(e). Of equal importance, the Rule provides: "If the court finds no meritorious reasons for the defendant's request, the court may not permit the discharge of counsel without first informing the defendant that the trial will proceed as scheduled with the defendant unrepresented by counsel if the defendant discharges counsel and does not have new counsel." The trial court failed to comply with this portion of the Rule as well.

The State's final argument is that if this Court holds that the trial judge failed to comply with the requirements of the rule, reversal is not required. Rather, the State contends that the "case should be remanded to the Circuit Court for Wicomico County for a finding as to Brown's reasons and for a determination as to whether those reasons were meritorious." In support of this argument, the State cites *Moreland v. State*, 68 Md.App. 78, 84–85, 510 A.2d 261 (1986), wherein this Court held that

> [b]ecause the facts relating to the waiver issue are ambiguous, they do not provide a sufficient basis to justify the trial court's determination of waiver.
>
> The ambiguity exists because no evidence was presented to show either the date that appellant spoke with the public defender or whether in fact he ever requested public defender assistance. This ambiguity must be resolved before the determination of waiver may be made. If the facts show that appellant was at fault for not securing public defender assistance, the trial court would be justified in determining that appellant lacked a meritorious reason for not having counsel and consequently could find waiver by virtue of Md.Rule 4–215(c). On the other hand, if appellant made a timely request, but was refused assistance, such refusal could amount to a meritorious reason for not having counsel. In such event, the waiver provisions of Md.Rule 4–215(c) would be inapplicable. Furthermore, if the facts show that appellant was refused public defender assistance because he was deemed financially unqualified, the trial court would have to conduct a further inquiry to decide whether appellant was entitled to court-appointed counsel.

(footnote omitted). Accordingly, we vacated the judgment and remanded the proceedings to the circuit court for a redetermination of whether the defendant's waiver of his right to counsel was valid. *Id.* at 85, 510 A.2d 261.

The facts of *Moreland* differ significantly from the instant case, and remand is inappropriate here. The Court of Appeals, in *Williams*, explained that, when a trial judge

complies with Rule 4–215(e), there are several options he or she could exercise concerning the case at bar. 321 Md. at 274, 582 A.2d 803. First, the court could conclude that the defendant's request was meritorious and accordingly, it must grant the request and allow the defendant to obtain new counsel. Second, the court could determine that the request was without merit, deny the request, and continue with the trial. Third, the court could grant the request even after finding it was without merit, if it first advised the defendant that the trial would proceed without the benefit of counsel. Here, as in *Williams*, "the trial court could not have properly exercised any of these options because it had no basis—[the defendant's] reasons—upon which to act." Thus, as in *Williams*, the failure of the court to comply with Rule 4–215(e) is reversible error.

JUDGMENT REVERSED; CASE REMANDED TO THE CIRCUIT COURT FOR WICOMICO COUNTY FOR A NEW TRIAL; COSTS TO BE PAID BY WICOMICO COUNTY.