654 A.2d 1309

David **MITCHELL**

v.

**STATE of Maryland.**

**No. 70, Sept. Term, 1994.**

Court of Appeals of Maryland.

March 7, 1995.

Gina M. Serra, Asst. Public Defender, (Stephen E. Harris, Public Defender, both on brief), Baltimore, for petitioner.

Kathryn Grill Graeff, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, ROBERT M. BELL and RAKER, JJ.

KARWACKI, Judge.

In this case we granted certiorari to decide whether a new trial, rather than a limited remand, is required when a trial court fails to conduct a sufficient inquiry to determine whether a criminal defendant's reasons for appearing at trial without counsel are meritorious before ruling that the defendant had waived the right to counsel by inaction. For the reasons set forth below, we shall hold that a new trial is required under these circumstances.

## I

David Mitchell, the petitioner, was charged with theft, eluding the police, and driving on a revoked license. On February 5, 1993, he appeared in the Circuit Court for Baltimore County, where he requested a postponement, and the following transpired:

"THE DEFENDANT: I am requesting a postponement until I can finish paying my lawyer off, because I went to Social Services and I've been to everybody and I can't get a Public Defender. I have to pay for my own attorney.

"And I'm a roofer. And with the type, with the way the weather's been lately, I haven't worked enough to pay rent, really.

\*　　\*　　\*　　\*　　\*　　\*

"THE COURT: You were brought before a District Court commissioner on September the 19th, 1992. The commissioner advised you of your right to counsel, told you that if you didn't have enough money to pay for a lawyer, that you had the right to ask the Public Defender to provide a lawyer for you.

"Have you gone to the Public Defender's Office?

"THE DEFENDANT: Yes, I have.

"THE COURT: When did you go there?

"THE DEFENDANT: I went there right after that court date and they said I have to pay for my own attorney.

"THE COURT: Okay. And the commissioner also said, if you can't get a lawyer on your own or the Public Defender will not provide a lawyer for you, you must notify the Court of that matter as soon as possible.

"Further told you, do not wait until the date of your trial to get a lawyer. And if you don't have a lawyer before the trial date, you may have to go to trial without one. That was back on September 19th.

"You appeared on the 21st of September before Judge Jung, who again advised you of those same rights, and told you about getting a lawyer, and advised you that if you appeared without counsel, that you could be caused to go to trial without a lawyer.

"You then appeared before Judge Foos on November the 12th.

"THE DEFENDANT: November the 12th?

"THE COURT: And asked for a postponement. And Judge Foos granted you that postponement to get an attorney.

"THE DEFENDANT: I haven't been to court all them times.

"THE COURT: Sir?

"THE DEFENDANT: I haven't been to court all the times.

"THE COURT: You were arrested, taken before a commissioner. And before you were released, you were taken before a judge who reviewed your bail. That's the first two.

"On November the 12th, you were before Judge Foos for trial. You asked for a postponement. He granted it so you could get a lawyer. And he again advised you of your right to counsel, the importance of counsel. He advised you that your next appearance in court without a lawyer would be a waiver of your right to a lawyer.

You then appeared on February the [4th] ...

\*　　\*　・\*　　\*　　\*　　\*

. . . yesterday before Judge Pytash. I don't know whether you asked for a postponement again or not. Did you?

"THE DEFENDANT: Yes.

"THE COURT: And she denied that.

    \*     \*     \*     \*     \*     \*

And you prayed a jury trial.

"You're here. You're entitled to a jury trial. You've had ample opportunity to get counsel. You've been advised on numerous occasions to get a lawyer. You've had a postponement to get a lawyer. You were told the next appearance without counsel would constitute a waiver.

"[You s]howed up without counsel. I have determined it is a waiver of your right to counsel by your failure to do that which was explained to you many times. Your request is denied."

Mitchell was convicted after a non-jury trial and timely noted an appeal to the Court of Special Appeals. The intermediate appellate court in an unreported opinion determined that, under Maryland Rule 4–215(d)[1], the trial court had not conducted a sufficient inquiry into Mitchell's reasons for appearing without counsel. Rather than order a new trial, however, the Court of Special Appeals ordered a limited remand under

---

1.  Md.Rule 4–215 provides, in pertinent part:

"**(d) Waiver by Inaction—Circuit Court.**—If a defendant appears in circuit court without counsel on the date set for hearing or trial, indicates a desire to have counsel, and the record shows compliance with section (a) of this Rule, either in a previous appearance in the circuit court or in an appearance in the District Court in a case in which the defendant demanded a jury trial, the court shall permit the defendant to explain the appearance without counsel. If the court finds that there is a meritorious reason for the defendant's appearance without counsel, the court shall continue the action to a later time and advise the defendant that if counsel does not enter an appearance by that time, the action will proceed to trial with the defendant unrepresented by counsel. If the court finds that there is no meritorious reason for the defendant's appearance without counsel, the court may determine that the defendant has waived counsel by failing or refusing to obtain counsel and may proceed with the hearing or trial."

Md.Rule 8–604 [2] to determine whether Mitchell's reasons for appearing without counsel were meritorious, indicating that if the trial court found the waiver valid, its judgment would stand; if, however, the circuit court found that the waiver was invalid, Mitchell would be entitled to a new trial.

## II

Mitchell directs us to *Moore v. State,* 331 Md. 179, 626 A.2d 968 (1993), a case with numerous similarities to the one at bar, for the proposition that the Rule 4–215(d) inquiry is mandatory, and the trial court's failure to conduct that inquiry requires a new trial. Petitioner also contends that only issues subsidiary to the trial may be determined on remand and relies on *Gill v. State,* 265 Md. 350, 289 A.2d 575 (1972), in arguing that the error committed here was not subsidiary to the trial, but directly affected it. Further, he emphasizes the prejudice that he will suffer if he is asked to shoulder the burden of proving events which occurred over two years ago.

The State analogizes this case to a successful *Batson* [3] challenge, where a criminal case is often remanded to determine whether a prosecutor had race-neutral reasons for using a peremptory strike. The State also emphasizes that only historical facts must be determined on remand, distinguishing this case from those in which the voluntariness of a waiver is at issue. Finally, the State contends that *Moore* is inapposite here, as Mitchell's reason for appearing without counsel was an issue subsidiary to the trial.

---

**2.** Md.Rule 8–604(d)(1) provides, in pertinent part:

"If the Court concludes that the substantial merits of a case will not be determined by affirming, reversing or modifying the judgment, or that justice will be served by permitting further proceedings, the Court may remand the case to a lower court. In the order remanding a case, the appellate court shall state the purpose for the remand."

**3.** *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

The Court of Special Appeals agreed with the State, relying on its earlier decision in *Moreland v. State,* 68 Md.App. 78, 510 A.2d 261 (1986):

"In the case at hand, appellant similarly volunteered that he had not completed payments to his attorney because the weather had hampered his ability to work as a roofer and he had trouble paying his rent. He also volunteered that the Public Defender's Office had told him several months before that he was financially ineligible for representation. The circuit court here, as in *Moore,* made no further inquiry. Thus, although, as in *Moore,* the 'record reveals the existence of information relevant to the [defendant's] reason' for appearing without counsel '[w]ithout further inquiry' it cannot 'be determined whether those reasons were meritorious.' [*Moore* ] [331 Md.] at 186 [626 A.2d 968]. It could be that appellant had funds, or the ability to obtain them, and made no good faith attempt to obtain private counsel and did not qualify for, or never sought representation from, the Public Defender. Alternatively, it could be that appellant did seek representation from the Public Defender, was denied it, diligently sought and obtained private counsel and then fell on hard times and was unable to pay his private counsel.

"Thus, as in *Moreland,* the 'facts relating to the waiver issue are ambiguous.' 68 Md.App. at 84–85 [510 A.2d 261]."

Following the decision in *Moreland* to order a limited remand rather than a new trial, the intermediate appellate court determined that:

"the waiver inquiry was subsidiary to the criminal trial; the court's error in failing to obtain more information was not committed during the trial itself. Accordingly, we believe that, as in *Moreland,* a limited remand is appropriate here."

We disapprove of the Court of Special Appeals' decision in *Moreland.* Accordingly, we shall hold that a limited remand was not appropriate because the issue of whether Mitchell waived his right to counsel was not subsidiary to the criminal trial.

## III

Mitchell cites *Martinez v. State*, 309 Md. 124, 522 A.2d 950 (1987), in support of his contention that failure to conduct a mandatory inquiry prior to trial mandates a new trial rather than a limited remand. In *Martinez*, the defendant gave an affirmative response to the trial court's question asking if any person made him a promise or threat to have him give up his right to a jury trial. Despite this response, the trial court found that Martinez had knowingly and voluntarily waived his right to a jury trial. On appeal, the Court of Special Appeals ordered a limited remand to determine the voluntariness of the jury trial waiver. We reversed Martinez's conviction, noting that Md.Rule 4-246 requires the defendant's waiver to be on the record before the trial commences, and found a new trial to be the appropriate remedy for the trial court's error.

The State attempts to distinguish *Martinez* by noting that Rule 4-246, as opposed to Rule 4-215(d), specifically requires that the waiver be on the record before the trial commences. We have, however, interpreted Rule 4-215(d) as prohibiting a trial court from proceeding before making an explicit determination regarding waiver of the right to counsel whenever the defendant appears without counsel. *See Thompson v. State*, 284 Md. 113, 126, 394 A.2d 1190, 1196 (1978). We also addressed the specifics of the Rule 4-215(d) inquiry in *Moore:*

> "[W]hat the rule mandates is that the defendant be allowed an opportunity to explain the reason for appearance without counsel 'sufficient to allow the court to determine whether the reason is meritorious.' We believe, however, that the record must also be sufficient to reflect that the court actually considered those reasons.
>
>   *  *  *  *  *  *
>
> While the rule does not require the conduct of an inquiry in any particular form, this does not mean that the court may ignore information relevant to whether the petitioner's inaction constitutes waiver; the court is not relieved of the obligation to make such inquiry as is required to permit it to exercise discretion required by the rule."

331 Md. at 186–187, 626 A.2d at 971–72. Inquiry into the merits of a defendant's reasons for appearing without counsel must be conducted on the record *prior to* trial; therefore, *Martinez* is not distinguishable on that ground.

Without exception, we have ordered a new trial in cases involving a trial court's failure to comply with Rule 4–215(d). *See, e.g., Williams v. State*, 321 Md. 266, 582 A.2d 803 (1990); *Maus v. State*, 311 Md. 85, 532 A.2d 1066 (1987); *Snead v. State*, 286 Md. 122, 406 A.2d 98 (1979); *Thompson v. State*, 284 Md. 113, 394 A.2d 1190 (1978). The Court of Special Appeals has also ordered a new trial in every case involving a Rule 4–215(d) violation except *Moreland*, the case on which it relied in reaching its decision in this case. *See, e.g., Evans v. State*, 84 Md.App. 573, 581 A.2d 435 (1990).

If the necessary inquiry under Rule 4–215(d) was subsidiary to the trial or in no way affected the trial, it could be accomplished by a hearing on remand; if the inquiry was not subsidiary, however, a new trial must be ordered. *See Gill v. State*, 265 Md. 350, 357, 289 A.2d 575, 579 (1972). The key to determining the propriety of the limited remand is whether the required inquiry was so intertwined with the trial that a limited remand could cause the defendant to suffer great prejudice. The controlling factor is not, as the intermediate appellate court stated, whether the error occurred *during* the trial; it is whether the error adversely affected the defendant's right to a fair trial.

If the case at bar were remanded for a determination of whether Mitchell's reason for appearing without counsel was meritorious, Mitchell would have to reconstruct his actions of over two years ago. He must also recall the dates and contents of conversations with representatives of the Office of the Public Defender, in addition to how much money had been paid and how much money was owed to the private attorney he had previously attempted to retain. The potential prejudice to Mitchell is obvious, and a limited remand in this case would be fundamentally unfair.

Prejudice to the defendant is also what distinguishes this case from a *Batson* challenge. Here, the burden is on the defendant to prove a meritorious reason for appearing without counsel. In a *Batson* case, the burden is on the State to prove a race-neutral reason for a peremptory challenge on remand. In those types of cases, the attorneys are much more likely to have made detailed records that are maintained in a file, making it much easier to reconstruct what occurred several years earlier in a trial. Mitchell, on the other hand, has no such advantage in reconstructing what occurred before his first trial.

This case is much like *Martinez* and other cases in which the knowing and voluntary nature of a jury trial waiver is at issue. In those cases, our concern has been that there could be subtle coercion that would not appear on the record. *See, e.g., Martinez,* 309 Md. at 135, 522 A.2d at 955–56. There is also a "[d]anger that the trial judge might impermissibly consider a defendant's post-waiver conduct in judging the validity of the waiver." *United States v. Kimmel,* 672 F.2d 720, 726 (9th Cir.1982) (Reinhardt, J., concurring in part and dissenting in part).

Limited remand cannot be used to correct procedural defects at the trial level when the procedure involved is so intertwined with the defendant's constitutional right to counsel that a limited remand would cause unfair prejudice. Failure to conduct the Rule 2–415(d) inquiry at the proper time, therefore, mandates a new trial. The exact circumstances in the instant case under which the original inquiry should have occurred cannot be recreated, and we cannot require the defendant to meet that burden. The interests of justice simply would not be served by ordering a limited remand in this case.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED; CASE REMANDED TO THE COURT OF SPECIAL APPEALS WITH THE DIRECTION TO REMAND THE CASE TO THE CIRCUIT COURT FOR BAL-*

*TIMORE COUNTY FOR A NEW TRIAL. COSTS TO BE PAID BY BALTIMORE COUNTY.*