656 A.2d 766

Elvis **GRAY**

v.

**STATE of Maryland.**

No. 87, Sept. Term, 1994.

Court of Appeals of Maryland.

April 10, 1995.

Sherrie B. Glasser, Asst. Public Defender, (Stephen E. Harris, Public Defender, both on brief), Baltimore, for petitioner.

M. Jennifer Landis, Asst. Atty. Gen., (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., ELDRIDGE, CHASANOW, KARWACKI, BELL and RAKER, JJ., and JOHN F. McAULIFFE, Associate Judge of the Court of Appeals (Retired), Specially Assigned.

BELL, Judge.

We granted certiorari in this case to consider the sufficiency of the trial court's inquiry into the petitioner's reasons for appearing at trial without counsel and, thus, the propriety of its finding that the petitioner waived his right to counsel by inaction. A divided panel of the Court of Special Appeals, in an unreported opinion, held that the inquiry was sufficient and, so, affirmed. We have concluded that it was not; hence, we shall reverse.

## I.

Elvis Gray, the petitioner, was charged with distribution, possession, and possession with intent to distribute cocaine. He was arraigned in the Circuit Court for Baltimore City on January 13, 1993. At that time, pursuant to Maryland Rule 4–215(a),[1] the court advised him of his right to be represented by counsel:

> Let me advise you, sir, that if you can't afford a lawyer, a public defender will represent you, but you must petition and qualify. * * *

---

1. Maryland Rule 4–215(a) provides:
   (a) *First Appearance in Court Without Counsel.*—At the defendant's first appearance in court without counsel or when the defendant appears in the District Court without counsel, demands a jury trial, and the record does not disclose prior compliance with this section by a judge, the court shall:
   (1) Make certain that the defendant has received a copy of the charging document containing notice as to the right to counsel.
   (2) Inform the defendant of the right to counsel and of the importance of assistance of counsel.
   (3) Advise the defendant of the nature of the charges in the charging document, and the allowable penalties, including mandatory penalties, if any.
   (4) Conduct a waiver inquiry pursuant to section (b) of this Rule if the defendant indicates a desire to waive counsel.
   (5) If trial is to be conducted on a subsequent date, advise the defendant that if the defendant appears for trial without counsel, the court could determine that the defendant waived counsel and proceed to trial with the defendant unrepresented by counsel. The clerk shall note compliance with this section in the file or on the docket.

Therefore, sir I am directing you—if you believe there is any shot of you not having a lawyer, I'm telling you to go today. Do you understand, sir?

The petitioner having indicated that he did, the court went on to warn that: "If it comes back and I'm still in the court, I'll know I told you to go today, and I'll find you waived your right to counsel."

The petitioner appeared before a different judge on April 7, 1993, the scheduled trial date, without counsel. The following colloquy then occurred:

The Court: Mr. Gray, do you have a lawyer?

The Defendant: Okay. I want to obtain one, but I—

The Court: Sir, do you have a lawyer?

The Defendant: No, I went to the Public Defender's office, but I didn't know I had a deadline and I was a day late getting there.[2]

The Court: Mr. Peters [the State's Attorney], is this a trial or an arraignment?

Mr. Peters: This is a trial, judge.

The Court: Mr. Clerk, will you please show the waiver of advice of counsel [sic]?

The Clerk: Yes, there is, judge.

The Court: Mr. Clerk, will you please show the waiver to Mr. Gray and ask him to identify his signature. (The defendant nodded)

The Court: Mr. Peters, what's the date of offense in this case?

Mr. Peters: The date of offense, Your Honor, was June 24th, 1992.

The Court: And, the date of arrest?

Mr. Peters: The date of arrest was November 6th, 1992.

---

2. We were advised, as the petitioner's brief points out and the State does not dispute, that the Public Defender's office employs a ten-working day policy pursuant to which a request for representation must be made at least ten working days before trial. The failure timely to request representation results in the denial of the request.

The Court: And, the arraignment?

Mr. Peters: The arraignment date was January 13th, 1993?

The Court: And, the first trial date?

Mr. Peters: This is the first trial date, Your Honor.

The Court: Mr. Gray, on January 13th, 1993, you were told that you should get a lawyer, that your trial date is today, that if you couldn't afford a lawyer you should go to a Public Defender's Office. When did you eventually go to the Public Defender's Office?

The Defendant: 3–25–93.

The Court: And, why did you wait over two months until after the arraignment before you went there?

The Defendant: Because I thought I could get money together for an attorney and I was negotiating with another attorney and I couldn't get the money together—Mr. Rubenstein.

The Court: I see. Is the State ready to proceed to trial?

Mr. Peters: Yes, Judge.

The Court: Sir, this Court finds that you do not have a good reason for not having a lawyer and the Court will proceed to trial. You will represent yourself. If you have any questions at any time, sir, please feel free to stand and ask them. You may object to anything that anybody says, does, asks or answers.

Are you familiar with the charges?

The Defendant: No, not really I ain't.

The Court: Very well, sir. Have a seat.

The trial proceeded with the petitioner representing himself. He was found guilty of all the charges.

## II.

We are once again called upon to apply Maryland Rule 4–215(d). It provides:

(d) *Waiver by Inaction—Circuit Court.*—If a defendant appears in circuit court without counsel on the date set for

hearing or trial, indicates a desire to have counsel, and the record shows compliance with section (a) of this Rule, either in a previous appearance in the circuit court or in an appearance in the District Court in a case in which the defendant demanded a jury trial, the court shall permit the defendant to explain the appearance without counsel. If the court finds that there is a meritorious reason for the defendant's appearance without counsel, the court shall continue the action to a later time and advise the defendant that if counsel does not enter an appearance by that time, the action will proceed to trial with the defendant unrepresented by counsel. If the court finds that there is no meritorious reason for the defendant's appearance without counsel, the court may determine that the defendant has waived counsel by failing or refusing to obtain counsel and may proceed with the hearing or trial.

■ Arguing that the trial court erred in finding that he waived his right to counsel by inaction, the petitioner reasons that the court's inquiry was inadequate. Moreover, he asserts that the court summarily rejected his "facially plausible explanation" for appearing without counsel, without even considering it. Conversely, the State notes that Rule 4–215 does not mandate a precise formula to determine the merits of a defendant's reasons, and, as such, "cases are decided upon their own facts on a case-by-case basis." *Crowder v. State,* 305 Md. 654, 657, 506 A.2d 240, 241 (1986). The State, like the majority of the Court of Special Appeals, maintains that the record in this case shows the necessary compliance with Rule 4–215(d)—that "[t]here is no indication that the court cut off appellant or did not allow him to fully explain his reasons for appearing without counsel. The record in this case, . . . ., does reflect that the court actually considered appellant's decision for appearing without counsel before concluding that it was not 'a good reason.' "

Recently, in *Moore v. State,* 331 Md. 179, 626 A.2d 968 (1993), we applied Rule 4–215 to a fact situation quite similar to that of the case before us. The issue in that case, as here, was the propriety of a trial court's waiver of counsel by

inaction finding. In holding that the inquiry conducted preliminary to the finding was inadequate, we noted that Rule 4–215(d) requires the court to permit a defendant to explain why he or she has appeared without counsel and then to decide whether that explanation constitutes a meritorious reason for having done so. We made clear, in that regard, that it is not enough that a defendant is allowed to make an explanation " 'sufficient to allow the court to determine whether the reason is meritorious' "; rather, "the record must also be sufficient to reflect that the court actually considered those reasons." *Moore,* 331 Md. at 186, 626 A.2d at 971. Where the defendant has explained the appearance without counsel and that explanation is plausible, *i.e.,* it could be meritorious, further inquiry must be conducted by the trial court if the trial court is to exercise the discretion required by the Rule. *Id.* at 186–87, 626 A.2d at 971. By way of example, we observed:

> The fact that a defendant has not finished paying his or her lawyer, without more, may not be a meritorious reason for appearing without counsel. When, however, that defendant's recent employment is added to the mix, it may be. An inquiry may reveal that the defendant delayed in seeking employment or some other reason for concluding otherwise. Similarly, although the proffer that a defendant sought the assistance of the public defender when it became obvious that he or she could not pay private counsel but was refused representation is consistent with a meritorious reason for appearing without counsel, inquiry into the circumstances might reveal that it is not.

*Id.*

██ A finding of waiver of counsel by inaction presupposes that the trial court has determined that the defendant has neglected or refused to obtain counsel. *See Fowlkes v. State,* 311 Md. 586, 603, 536 A.2d 1149, 1158 (1988). No basis for such determination appears in the record in this case. When asked if he had an attorney, the defendant answered no. He then explained that, unaware that he had a deadline, he went to the Public Defender's office, thirteen days before his trial date. He was refused representation because, under that

office's policy, he was a day late getting there. When the court inquired as to why he waited over two months before contacting the public defender, the petitioner responded that he thought that he could get the money together for an attorney, but that he eventually realized that he couldn't. The petitioner's explanation is plausible and it is not, as a matter of law, non meritorious.

To be sure, the petitioner did not contact the Public Defender's office immediately after the arraignment as the arraignment judge suggested he might do.[3] That fact alone, viewed in light of the petitioner's explanation, does not, as a matter of law, show that the petitioner neglected or refused to obtain counsel. We simply do not know from the record what attempts the petitioner made to obtain counsel before turning to the Public Defender's office for representation. Under the circumstances, we cannot say that contacting the public defender almost two weeks before the trial date dispositively demonstrates neglect or refusal to obtain counsel. This is especially the case when there is no advance notification that earlier contact is necessary in order for the defendant's request for representation to be processed. Moreover, we are not prepared to hold, as the arraignment judge seemed to indicate, that a defendant may not attempt to obtain counsel on his or her own prior to seeking the assistance of the public defender. If the State's position were adopted, a defendant who reasonably believes that he or she can acquire private counsel must nevertheless immediately contact the Public Defender's office for representation, as the failure to do so could result in a finding of waiver by inaction as a matter of law if it turns out that he or she is wrong.

---

**3.** The arraignment judge directed the petitioner to go to the Public Defender's office immediately "if you believe there is any shot of you not having a lawyer." Although the petitioner did not go that day, arguably, he followed the arraignment court's advice, going to the Public Defender's office once he determined that he could not afford his own private attorney. In any event, the trial court did not rely on the arraignment judge's advice. It merely noted that the petitioner had been advised of his right to counsel and of the possibility of obtaining representation from the Public Defender's office.

Notwithstanding that the petitioner's explanation for appearing without counsel was facially meritorious, the trial court, without further inquiry, required the petitioner to proceed to trial unrepresented. As in *Moore*, the record does not reflect that the court "actually considered" the reasons offered; it appears that the court, in effect, "ignore[d] information relevant to whether the petitioner's inaction constitutes waiver." *Id.* at 187, 626 A.2d at 971. Because the trial court violated Rule 4–215, the petitioner is entitled to a new trial.[4]

*JUDGMENT REVERSED; CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE CITY FOR A NEW TRIAL. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS BE PAID BY THE MAYOR & CITY COUNCIL OF BALTIMORE.*

---

4. We have recently rejected the State's argument that, if the petitioner is successful on the merits, the most he would be entitled to receive is a limited remand to determine whether his appearance without counsel was meritorious. *See Mitchell v. State*, 337 Md. 509, 518, 654 A.2d 1309, 1314 (1995).