918 A.2d 556

**Derrick Irwin KNOX**

v.

**STATE of Maryland.**

**No. 1000, Sept. Term, 2005.**

Court of Special Appeals of Maryland.

March 13, 2007.

Piedad Gomez (Nancy S. Forster, Public Defender, on brief), for appellant.

Cathleen C. Brockmeyer (J. Joseph Curran, Jr., on brief), for appellee.

Panel MURPHY, C.J., KRAUSER, and RAYMOND G. THIEME, JR., (Retired, Specially Assigned), JJ.

KRAUSER, J.

Appellant, Derrick I. Knox, was charged in the Circuit Court for Wicomico County with possession of marijuana, possession of cocaine, and possession of cocaine with intent to distribute. Because of appellant's repeated failure to appear for scheduled court proceedings, his first appearance in the circuit court occurred more than ten months after his arrest. On that occasion, he was unrepresented. The circuit court informed him of the crimes with which he was charged, their maximum penalties, and the benefits of having counsel represent him. It warned him that if he appeared for trial without an attorney, he might be found to have waived his right to counsel. But it did not advise him then or at anytime before

he was found to have waived his right to counsel by inaction, that, as a subsequent offender, he would face an enhanced punishment if convicted of the crimes charged.

Two months later, but more than one year after his arrest, Knox appeared for trial before the same judge without counsel. After determining that Knox had waived his right to counsel by inaction, the circuit court tried and convicted him of all three drug charges. It then merged his cocaine convictions for sentencing purposes and imposed a term of twenty years' imprisonment for possession of cocaine with intent to distribute.[1] Although it suspended all but fifteen years of that sentence, it ordered that he, as a subsequent offender under Maryland Code (1957, 1996 Repl.Vol., 2000 Supp.), Article 27, § 286(c)[2] was to serve the first ten years of that sentence with only the limited possibility of parole, as provided by that statute.[3] After this Court affirmed his conviction in an unreported opinion, *Knox v. State*, 145 Md.App. 720, No. 1878, Sept. Term 2001 (filed July 10, 2002), Knox petitioned for post-conviction relief. He was subsequently permitted to file a belated appeal, raising one issue: Did the circuit court err in finding that he had waived his right to counsel? We conclude that it did not and therefore shall affirm the judgments of the circuit court.

## BACKGROUND

On August 25, 2000, Knox was arrested at a hotel by police on an outstanding bench warrant. In his pants pockets, police

---

1. The court also sentenced Knox to a suspended sentence of one year imprisonment for possession of marijuana, to run consecutively to his sentence for possession with intent to distribute cocaine.

2. Article 27 § 286 was repealed in 2002, but was in effect at the time Knox was convicted. It authorized penalties of 20 years' imprisonment and a $25,000 fine for, among other things, possessing or dispensing certain classes of narcotics and mandated a sentence of "imprisonment for not less than 10 years" for certain subsequent offenders.

3. A defendant, who is convicted as a subsequent offender under Art. 27, § 286(c), "may be paroled ... only in accordance with § 4–305 of the Correctional Services Article." Art. 27, § 286(c)(2).

found plastic bags filled with cocaine and marijuana and more than $1500 in cash. Knox was brought before a Commissioner of the District Court for Wicomico County and advised that he was charged with possession of marijuana, possession of cocaine, and possession of cocaine with intent to distribute. He was subsequently charged in the Circuit Court for Wicomico County with the same offenses.

When, ten days later, on October 20, 2000, Knox failed to appear for arraignment in circuit court, a bench warrant was issued for his arrest. He was arrested but later released on bail. After his release, Knox failed to appear for arraignment two more times: on December 22, 2000 and on January 5, 2001.

On February 1, 2001, Charles J. Jannace III, Esquire, entered an appearance on Knox's behalf, waived Knox's arraignment, and entered a plea of not guilty. After the State served Jannace with notice of its intent to seek an "enhanced punishment" because Knox was a subsequent offender, a jury trial was scheduled for March 20, 2001. On that day, Knox again failed to appear, but Mr. Jannace, his counsel, did. At that time, the State informed the court and Jannace that Knox was "a subsequent offender regarding [controlled dangerous substance] offenses...." On March 30, 2001, ten days after Knox's failure to appear for trial, Jannace filed a motion to strike his appearance, which was granted.[4] Three months later, on July 9, 2001, Knox was arrested pursuant to a bench warrant.

Knox's first appearance in court was on July 13, 2001, almost one year after his arrest. He was unrepresented by counsel, having signed a waiver the day before stating that he did not wish to be represented by the public defender. The court informed Knox of the charges against him and the maximum penalties. It cautioned him that he could be sentenced to 20 years' imprisonment and a fine of $25,000 for the

---

4. The docket reflects that Jannace's appearance was actually stricken on August 1, 2001.

most serious charge: possession of cocaine with intent to distribute. And it advised him of his right to have a public defender represent him if he could not afford to retain counsel, adding that if he appeared at trial without a lawyer, he could be found to have waived his right to counsel. Unable to post bond, he remained incarcerated until his trial on September 13, 2001.

When Knox appeared for trial on that date, he was unrepresented by counsel. Jannace was present but only for the purpose of informing the court that he had withdrawn his appearance because Knox had not paid his fee in full.

Admitting that he "still owe[d]" Jannace "eight-hundred dollars," Knox hastened to add that he tried to "get [his family] to try to get the money as soon as possible." The State and Jannace, more or less, confirmed this representation. The State informed the court that one of Knox's family members had attempted to give Jannace some money the night before trial, but it was apparently not enough to retain him. And Jannace informed the court that Knox's family and friends had been in "weekly" contact with him, trying to pay his fee.

After expressing its opposition to any continuance of the case, the State indicated that it would speak to Knox regarding a plea agreement and that it would not oppose Jannace "sit[ting] in and listen[ing]" to any plea offer it made. Jannace declined to participate any further in the proceedings, explaining that he had "other obligations."

Noting, among other things, the age of the case, Knox's repeated failure to appear for court proceedings, and his failure to provide any "significant information as to what efforts, if any, he ha[d] made to retain an attorney ... since March [20, 2001]," (his first trial date), the circuit court found that Knox had waived his right to counsel by inaction. It then ordered the trial to proceed, indicating that Knox would have to represent himself.

Before trial began, the State advised Knox that he could proceed with a bench or jury trial and discussed with him the

possibility of a plea agreement. Knox rejected the State's offer of a plea and waived his right to a jury trial. After determining that Knox's waiver was knowing and voluntary, the court conducted a bench trial; at the conclusion of which, it convicted him of all three charges.

At sentencing, the State introduced the "notice of intent" it had served on Jannace on March 5, 2001. The notice asserted that the State intended to seek an "enhanced punishment" because of Knox's status as a subsequent offender. Knox, it advised, had been previously convicted in the Circuit Court for Wicomico County of possession and distribution of a controlled dangerous substance.

After the notice was admitted into evidence without objection, the court sentenced Knox to a term of twenty years' imprisonment for possession of cocaine with intent to distribute, suspending all but fifteen years of that sentence. Because he was a subsequent offender under Article 27 § 286(c), ten of the unsuspended fifteen years "would be," the court ordered, "mandatory subject to the limited possibility of parole as provided in the [s]tatute." His convictions were upheld in *Knox v. State*, No. 1878, Sept. Term 2001 (filed July 10, 2002), an unreported decision of this Court. Three years later, on February 10, 2005, Knox, *pro se,* filed a petition for post-conviction relief. About three months later, Knox, through counsel, filed a supplemental petition. The circuit court granted those petitions in part and permitted Knox to seek appellate review of the issue now before us.

## DISCUSSION

Appellant contends that the circuit court erred in failing to advise him that he faced enhanced penalties as a subsequent offender, at his first appearance in court or thereafter, before finding that he had waived his right to counsel by inaction. In failing to do so, the circuit court, he claims, violated Rule 4–215. That rule states in part:

(a) First appearance in court without counsel. **At the defendant's first appearance in court without counsel,** or

when the defendant appears in the District Court without counsel, demands a jury trial, and the record does not disclose prior compliance with this section by a judge, **the court shall:**

(1) Make certain that the defendant has received a copy of the charging document containing notice as to the right to counsel.

(2) Inform the defendant of the right to counsel and of the importance of assistance of counsel.

**(3) Advise the defendant of the nature of the charges in the charging document, and the allowable penalties, including mandatory penalties, if any.**

(4) Conduct a waiver inquiry pursuant to section (b) of this Rule if the defendant indicates a desire to waive counsel.

(5) If trial is to be conducted on a subsequent date, advise the defendant that if the defendant appears for trial without counsel, the court could determine that the defendant waived counsel and proceed to trial with the defendant unrepresented by counsel.

. . . .

(d) Waiver by inaction—Circuit court. If a defendant appears in circuit court without counsel on the date set for hearing or trial, indicates a desire to have counsel, and the record shows compliance with section (a) of this Rule, either in a previous appearance in the circuit court or in an appearance in the District Court in a case in which the defendant demanded a jury trial, the court shall permit the defendant to explain the appearance without counsel. If the court finds that there is a meritorious reason for the defendant's appearance without counsel, the court shall continue the action to a later time and advise the defendant that if counsel does not enter an appearance by that time, the action will proceed to trial with the defendant unrepresented by counsel. If the court finds that there is no meritorious reason for the defendant's appearance without counsel, the court may determine that the defendant has waived

counsel by failing or refusing to obtain counsel and may proceed with the hearing or trial.

Rule 4–215 (emphasis added).

In short, Rule 4–215(a)(3) directs the circuit court to "advise the defendant of the nature of the charges in the charging document, and the allowable penalties, including mandatory penalties, if any." Rule 4–215(a)(3). Maintaining that the enhanced penalty that he faced as a subsequent offender was a "mandatory penalty" under Rule 4–215(a)(3), he claims that the circuit court was therefore required, under that rule, to advise him of that possible punishment. Having failed to do so, it could not thereafter hold, he contends, that he waived his right to counsel by inaction.

Moreover, Rule 4–215(d) requires, he points out, that, before the circuit court may find a waiver of counsel, it must determine that there was no "meritorious reason for the defendant's appearance without counsel." Rule 4–215(d). The court did so and, in reaching that conclusion, Knox maintains, it erred.

Knox is wrong on both counts: Rule 4–215 does not require the court to advise an unrepresented accused at his first appearance in court without counsel of enhanced penalties that his status as a subsequent offender may portend, or at any-time thereafter, nor did the court violate that rule in determining that Knox had no meritorious reason for appearing without counsel. Indeed, given the plain wording of Rule 4–215, which does not specifically address mandatory penalties that attend subsequent offender status, and Rule 4–245 [5], which

---

5. Rule 4–245, "Subsequent offenders," states:

(a) Definition. A subsequent offender is a defendant who, because of a prior conviction, is subject to additional or mandatory statutory punishment for the offense charged.

(b) Required notice of additional penalties. When the law permits but does not mandate additional penalties because of a specified previous conviction, the court shall not sentence the defendant as a subsequent offender unless the State's Attorney serves notice of the alleged prior conviction on the defendant or counsel before the acceptance of a plea of guilty or nolo contendere or at least 15 days

does; the conflicting disclosure procedures of the two rules; and the different purposes they serve, we can reach no other conclusion.

■ Although Rule 4–215 requires that an unrepresented defendant be informed of "mandatory penalties," it does not specify whether that directive includes "penalties" mandated by recidivist statutes. And, there is good reason to believe that it does not. First of all, "[i]n Maryland . . . we have generally drawn a distinction between sentence enhancement provisions that depend upon prior conduct of the offender and those that depend upon the circumstances of the offense." *Wadlow v. State*, 335 Md. 122, 128–29, 642 A.2d 213 (1994). For instance, when an enhanced punishment is permitted because of the "particular circumstance of the offense," and not because of the criminal history of the defendant, the circumstance must be alleged in the charging document and proven to the trier of fact beyond a reasonable doubt. *Id.* at 129, 642 A.2d 213. Such a disclosure to the trier of fact is required for increased penalties associated with the "particular circumstance of the offense," *id.*, but, as we shall see, is

before trial in circuit court or five days before trial in District Court, whichever is earlier.

(c) Required notice of mandatory penalties. When the law prescribes a mandatory sentence because of a specified previous conviction, the State's Attorney shall serve a notice of the alleged prior conviction on the defendant or counsel at least 15 days before sentencing in circuit court or five days before sentencing in District Court. If the State's Attorney fails to give timely notice, the court shall postpone sentencing at least 15 days unless the defendant waives the notice requirement.

(d) Disclosure of the notice. After acceptance of a plea of guilty or nolo contendere or after conviction, a copy of the notice shall be filed with the clerk and presented to the court. The allegation that the defendant is a subsequent offender is not an issue in the trial on the charging document and may not be disclosed to the trier of fact without the consent of the defendant, except as permitted in this Rule. Nothing herein shall prohibit the use of any prior conviction for impeachment purposes, if the evidence is otherwise admissible.

(e) Determination. Before sentencing and after giving the defendant an opportunity to be heard, the court shall determine whether the defendant is a subsequent offender as specified in the notice of the State's Attorney.

prohibited for increased penalties associated with the defendant's status as a subsequent offender. Rule 4–245(d).

The disclosure of the sentencing peril that awaits a subsequent offender is specifically governed by Rule 4–245, not Rule 4–215. In contrast to Rule 4–215, which requires the court to notify the defendant prior to finding a waiver by inaction, Rule 4–245 requires that the State's Attorney, not the court, notify the vulnerable defendant, and that notice be given, not at his first appearance in the circuit court, but at least 5 or 15 days before sentencing, depending upon which court the defendant is in, district or circuit. In sum, the two rules provide completely different disclosure procedures, differing as to when and by whom the defendant is to be notified.

Moreover, neither rule requires that the State's Attorney inform the court of the defendant's prior convictions or its intention to seek an enhanced punishment based on those convictions before the defendant may be found to have waived his right to counsel by inaction. In fact, Rule 4–245 appears to prohibit such an early disclosure to the trial court because, in the words of the Court of Appeals, "the defendant might elect a bench trial. . . ." *Lee v. State,* 332 Md. 654, 669, 632 A.2d 1183 (1993).

█ It further provides that the notice of the State's Attorney's intent to seek an enhanced penalty "shall be filed with the clerk and presented to the court" but only "[a]fter acceptance of a plea of guilty or nolo contendere or after conviction. . . ." Rule 4–245(d). The rule is emphatic: "The allegation that the defendant is a subsequent offender is not an issue in the trial on the charging document and may not be disclosed to the trier of fact without the consent of the defendant, except as permitted" by the rule. *Id.* If the State's Attorney may not disclose such information to the court until "[a]fter acceptance of a plea of guilty or nolo contendere or after conviction," it follows that the court has no obligation, under Rule 4–215, to advise the defendant of that which it has not been informed.

Finally, there is no dispute that the State fully complied with the notice requirements of Rule 4–245(c), which provides:

(c) Required notice of mandatory penalties. When the law prescribes a mandatory sentence because of a specified previous conviction, the State's Attorney shall serve a notice of the alleged prior conviction **on the defendant or counsel** at least 15 days before sentencing in circuit court or five days before sentencing in District Court. If the State's Attorney fails to give timely notice, the court shall postpone sentencing at least 15 days unless the defendant waives the notice requirement.

Rule 4–245(c) (emphasis added).

The State sent notice to Jannace, who was then Knox's attorney, of its intention to seek an enhanced punishment more than "15 days before sentencing in circuit court. . . ." Rule 4–245(c). So, even though Knox was not advised by the court about mandatory penalties related to his status as a subsequent offender before the court found that he had waived his right to counsel by inaction, he was on notice under Rule 4–245 about the mandatory penalty he might face as a subsequent offender.

█ Having determined that the circuit court did not err in failing to advise Knox of any mandatory penalties he faced as a subsequent offender, we now turn to the question whether the court abused its discretion in finding that Knox did not have a "meritorious reason for appearing without counsel." *Moore v. State,* 331 Md. 179, 185, 626 A.2d 968 (1993).

Rule 4–215(d) states:

(d) Waiver by inaction—Circuit court. If a defendant appears in circuit court without counsel on the date set for hearing or trial, indicates a desire to have counsel, and the record shows compliance with section (a) of this Rule, either in a previous appearance in the circuit court or in an appearance in the District Court in a case in which the defendant demanded a jury trial, the court shall permit the defendant to explain the appearance without counsel. If the court finds that there is a meritorious reason for the defen-

dant's appearance without counsel, the court shall continue the action to a later time and advise the defendant that if counsel does not enter an appearance by that time, the action will proceed to trial with the defendant unrepresented by counsel. **If the court finds that there is no meritorious reason for the defendant's appearance without counsel, the court may determine that the defendant has waived counsel by failing or refusing to obtain counsel and may proceed with the hearing or trial.**

Rule 4–215 (d) (emphasis added).

Before concluding that Knox had waived his right to counsel by inaction, the circuit court questioned Knox as to why he was without counsel:

THE COURT: ... I see you don't have an attorney. Why is that, sir?

[KNOX]: I'm trying to get the money for him. I got the majority of it, but I'm still a little bit short, so he couldn't represent me, I guess. I'm still trying to get Mr. Jannace but I still owe him a couple more hundred dollars.

THE COURT: Have you applied to the Public Defender's Office?

[KNOX]: Yes, I applied for them on another case, not this case right here.

THE COURT: When did you apply for them in the other case?

[KNOX]: Probably around the same time I came here for the initial appearance. I did it at the jail when I was locked up.

THE COURT: When you say for initial appearance, you mean two months ago?

[KNOX]: Yes, sir.

THE COURT: Now, when you were here two months ago, at that point, actually prior to that Mr. Jannace had entered his appearance on your behalf. What have you done since July 13th to try to engage him or some other attorney?

[KNOX]: Well, I've been trying to get my family up town to pay him off as quick as they can so he could represent me. That's about it.

. . . .

THE COURT: What has your family done since July 13th?

[KNOX]: I'm not sure exactly. I think I still owe him, like, eight hundred dollars.

THE COURT: But I'm asking you since July 13th, what, if anything, has anyone done to hire Mr. Jannace or anybody else?

[KNOX]: What have they done?

THE COURT: Right.

[KNOX]: I don't know.

THE COURT: You don't know?

[KNOX]: No.

THE COURT: Do you not know?

[KNOX]: No.

After recounting Knox's repeated failure to appear for court proceedings, his subsequent arrest on a bench warrant for failing to appear for trial, his retention of counsel for other matters, the length of time that this case has been pending, and the failure of Knox to provide the court with "any significant information as to what efforts, if any, he ha[d] made to retain an attorney," the court found that Knox had waived his right to counsel by inaction. Specifically, the court stated:

[R]eviewing the docket entries, it appears this case has been pending for now approaching a year. . . . [Knox] failed to appear for his initial appearance in this case on October 20[, 2000.]

. . . .

Sometime thereafter a number of other attempts to serve him were unsuccessful. But on February 1[, 2001] Mr. Jannace entered his appearance. The case was scheduled for trial on March [20, 2001], about six months ago. And Mr. Knox failed to appear for trial. At that time a bench

warrant was issued, bond was forfeited. And he appears to have been arrested on or about July 9[, 2001] under the bench warrant, came before the [c]ourt for initial appearance on July 13[, 2001] because of the fact that Mr. Jannace had requested leave to strike his appearance shortly after Mr. Knox's failure to appear for the March trial date.

Taking all those things into account, basically what I understand the situation to be is that Mr. Knox, since his failure to appear here in March, had some additional District Court matters which were scheduled in the meantime for which he did appear, he was able to pay an attorney for that, and chose to do that rather than to complete whatever financial arrangements he needed to complete for this case, which would have been completed by that time had he shown up for trial when he was supposed to have done so six months ago.

And he really hasn't provided me any significant information as to what efforts, if any, he has made to retain an attorney in this case since March [20, 2001]. And I don't find his reasons for not having an attorney at this stage to be meritorious, and I find that he has waived his right to counsel with respect to this proceeding today.

Thus, it cannot be said that the circuit court abused its discretion in finding that Knox's reasons for appearing without counsel were not meritorious. It carefully examined Knox on this point and the conclusion it reached was not "clearly against the logic and effect of facts and inferences before the court...." *In re Adoption/Guardianship No. 3598,* 347 Md. 295, 312, 701 A.2d 110 (1997) (citation and internal quotations omitted) ("An abuse of discretion may ... be found where the ruling under consideration is 'clearly against the logic and effect of facts and inferences before the court'...." (citation omitted)).

Moreover, neither *Moore v. State,* 331 Md. 179, 626 A.2d 968 (1993) nor *Gray v. State,* 338 Md. 106, 656 A.2d 766 (1995), which Knox cites in support of his claim, alters this conclusion. In fact, those cases are clearly distinguishable from the instant

case. In *Moore*, the defendant appeared for trial without counsel, explaining that he had not yet paid in full his attorney's retention fee, that he had just started working, and that the Public Defender's office had told him he was not eligible for its services because of his employment and his wife's. *Moore*, 331 Md. at 182, 626 A.2d 968. Stating that it could not "wait indefinitely on each individual to decide when they are going to make the final payment to the attorney to hire them," *id.*, the court found that the defendant had waived his right to counsel by inaction and proceeded to trial, which ended in his conviction for possession of a handgun. *Id.* at 180–82, 626 A.2d 968.

The Court of Appeals declared the circuit court's action to be an abuse of discretion. *Id.* at 187, 626 A.2d 968. It explained that, while the "fact that a defendant has not finished paying his or her lawyer, without more, may not be a meritorious reason for appearing without counsel," the circuit court erred in not making "further inquiry" to determine whether the defendant's "reasons" for appearing without counsel were "meritorious." *Id.* at 186, 626 A.2d 968.

In contrast to the inadequate inquiry performed by the circuit court in *Moore*, the circuit court in the instant case conducted a searching inquiry as to whether Knox's reason for appearing without counsel was meritorious. The court asked Knox if he applied to the Public Defender's office, and when; what steps he had taken since his first appearance in court on July 13th to "engage [Mr. Jannace] or some other attorney;" and what his family, whom he claimed was attempting to retain counsel on his behalf, had done since July 13th to ensure that he would be represented at trial.

In *Gray*, the defendant appeared for trial without counsel and the circuit court found that he had waived his right to counsel by inaction. *Gray*, 338 Md. at 109–10, 656 A.2d 766. It subsequently convicted him of "distribution, possession, and possession with intent to distribute cocaine." *Id.* at 108, 110, 656 A.2d 766. Finding that Gray had not "neglected or refused to obtain counsel," the Court of Appeals reversed his

conviction. *Id.* at 113–14, 656 A.2d 766. The Court pointed out that Gray had informed the circuit court that he was "unaware that he had a deadline," and he had gone "to the Public Defender's office, thirteen days before his trial date." *Id.* at 112, 656 A.2d 766. There, he was "refused representation because, under that office's policy, he was a day late getting there." *Id.* at 112–13, 656 A.2d 766. He further explained, the Court noted, that "he [had] waited over two months before contacting the public defender [because] he thought that he could get the money together for an attorney, but ... eventually realized that he couldn't." *Id.* at 113, 656 A.2d 766. The Court found that Gray's "explanation [was] plausible and it [was] not, as a matter of law, non meritorious." *Id.*

Unlike Gray, Knox neither sought nor was denied representation by the Public Defender's office. Also, unlike Gray, Knox failed to appear for several of his court dates, hired an attorney in the interim to represent him in unrelated matters, and did not provide "any significant information as to what efforts, if any, he had made to retain an attorney" in the six months leading up to trial. Accordingly, we affirm the judgments of the circuit court.

**JUDGMENTS AFFIRMED. COSTS TO BE PAID BY APPELLANT.**