945 A.2d 638

**Derrick Irwin KNOX**

v.

**STATE of Maryland.**

**No. 30 Sept.Term, 2007.**

Court of Appeals of Maryland.

March 20, 2008.

Reconsideration Denied May 5, 2008.

Piedad Gomez, Asst. Public Defender (Nancy S. Forster, Public Defender, Baltimore, MD), on brief, for petitioner.

Cathleen Brockmeyer, Asst. Atty. Gen. (Douglas F. Gansler, Atty. Gen. of Maryland, Baltimore, MD), on brief, for respondent.

ARGUED BEFORE BELL, C.J., RAKER, HARRELL, BATTAGLIA, GREENE, JJ., and ALAN M. WILNER and DALE R. CATHELL, JJ. (Retired, specially assigned).

RAKER, Judge.

In this criminal case, we must interpret the language of Maryland Rule 4–215, Waiver of Counsel, and the meaning of the requirement of the Rule that the court shall "advise the defendant of the nature of the charges in the charging document, and the allowable penalties, including mandatory penalties, if any." The question in this case is whether the mandatory penalties for a subsequent offender fall within the requirement of the Rule. We shall hold that they do and that such notice is required before a court may find that a defendant waives the right to be represented by counsel.

I.

Petitioner, Derrick Knox, was charged in a criminal information filed by the State's Attorney for Wicomico County with

the criminal offenses of possession with intent to distribute controlled dangerous substances and possession of controlled dangerous substances. He was arrested and then released on bond; he failed to appear for his initial appearance before the trial court on several occasions. Counsel entered his appearance as counsel for petitioner, and trial was scheduled for March 20, 2001. Pursuant to Md. Rule 4–245, the State served on defense counsel a "Revised Notice of Intent to Seek Enhanced Punishment for Subsequent Offender" on March 5, 2001. The notice informed petitioner, through counsel, as follows:

"YOU ARE HEREBY NOTIFIED that the State of Maryland will seek enhanced punishment as authorized by law, against the Defendant, on the basis that the Defendant is a subsequent offender as defined by law. The prior convictions relied upon by the State of Maryland are as follows:

| JURISDICTION | DATE | OFFENSE |
| --- | --- | --- |
| Circuit Court for Wicomico County, Maryland (97CR0604) | 02/07/97 | Distribution of Cocaine Distribution of Marijuana Felonious Possession of Marijuana" |

On March 20, petitioner again failed to appear for trial, the court issued a bench warrant, and counsel moved to strike his appearance. On May 2, 2001, the court signed an order granting counsel's motion to withdraw; the docket entries indicate that counsel's appearance was "removed" on August 1, 2001.

Ultimately, petitioner appeared before the court for an initial appearance on July 13, 2001. He appeared without counsel. The court advised petitioner of his right to counsel, that if he could not afford private counsel, he could apply to the public defender, and that if he appeared for trial without an attorney, the court could find that he waived h is right to counsel. As to the "allowable penalties" advice required by Rule 4–215, the court stated as follows:

"You understand that you're charged with possession— excuse me—I guess possession of cocaine, possession of CDS with intent to distribute which carries a maximum penalty of incarceration of up to 20 years, a fine of up to $25,000 or both; charged with possession of controlled dangerous substance, not marijuana, but carries a maximum

penalty of incarceration of up to four years, a fine of up to $25,000 or both; and you're charged with possession of marijuana which carries a maximum penalty of incarceration of up to one year, a fine of up to a thousand dollars, or both."

Petitioner was held without bail until his trial date, September 13, 2001.

On the trial date, petitioner appeared essentially *pro se*. His former counsel was present, but had not re-entered his appearance as he had not been paid and he had other court obligations for that day. The court denied petitioner's request for a continuance and concluded that petitioner had waived his right to counsel. Petitioner proceeded to trial *pro se* and waived his right to a jury trial. He was convicted of all the charges and sentenced to twenty years at the Maryland Department of Corrections, five years suspended, with ten years of the sentence subject to parole only in accordance with § 4–305 of the Correctional Services Article [1] as provided by Article 27, § 286(c)(2).[2]

---

1. Section 4–305 of the Correctional Services Article, Md.Code (1999, 2001 Cum.Supp.) addresses the procedures for parole from the Patuxent Institution.

2. The relevant provisions of Article 27, § 286 have been repealed and reenacted as Criminal Law Article, § 5–608, effective October 1, 2002. At the time of petitioner's sentencing, the statute read, in pertinent part, as follows:

   "(c) *Sentencing*—(1) A person who is convicted under subsection (b)(1) or subsection (b)(2) of this section, or of conspiracy to violate subsection (b)(1) or (b)(2) of this section shall be sentenced to imprisonment for not less than 10 years and subject to a fine not exceeding $100,000 if the person previously has been convicted:
   (i) Under subsection (b)(1) or subsection (b)(2) of this section ...
   (2) The prison sentence of a person sentenced under subsection (b)(1) or subsection (b)(2) of this section, or of conspiracy to violate subsection (b)(1) or subsection (b)(2) of this section or any combination of these offenses, as a second offender may not be suspended to less than 10 years, and the person may be paroled during that period only in accordance with sec 4–305 of the Correctional Services Article."
   Md.Code, Art. 27, § 286 (1957, 1999 Repl.Vol., 2001 Cum.Supp.). Section 4–305 of the Correctional Services Article, Md.Code (1999, 2001 Cum.Supp.) provides, in pertinent part, as follows:

Petitioner noted an appeal to the Court of Special Appeals.[3] Before that court, petitioner challenged primarily his waiver of counsel. He argued that because the trial court did not advise him of the mandatory penalties he faced as a subsequent offender, Rule 4–215 was violated and the court could not find that he waived counsel validly. The court rejected his argument, holding that "Rule 4–215 does not require the court to advise an unrepresented accused at his first appearance in court without counsel of enhanced penalties that his status as a subsequent offender may portend, or at anytime thereafter." *Knox v. State,* 173 Md.App. 246, 253, 918 A.2d 556, 560 (2007).

In rejecting petitioner's argument, the intermediate appellate court considered the interplay of Rule 4–215, waiver of counsel, and Rule 4–245, mandatory penalties, and reasoned that only Rule 4–245 governed mandatory penalties. The court noted, correctly, that Rule 4–215 is silent as to mandatory penalties and Rule 4–245 is specific. The court also noted that Rule 4–245 requires the State's Attorney to give the required notice of intent to seek the mandatory and enhanced penalties, fifteen days before sentencing, and that neither rule requires the State's Attorney to inform the court of the defendant's prior convictions or intent to seek enhanced penalties before the defendant is found to have waived counsel by inaction. The court noted that "Rule 4–245 appears to prohibit such an early disclosure to the trial court because, in the words of the Court of Special Appeals, 'the defendant might

---

"(a) *In general.*—After transfer of an inmate to the Institution for treatment as an eligible person but before expiration of the inmate's sentence, the Board of Review may grant a parole from the Institution for a period not exceeding 1 year if the Board of Review concludes that the parole:

    (1) will not impose an unreasonable risk on society; and
    (2) will assist in the remediation of the eligible person."

**3.** Petitioner's first, timely appeal to the Court of Special Appeals raised only the issue of whether the trial court erred in imposing an enhanced mandatory sentence where the State's notice of intent to seek enhanced penalties was served on counsel who subsequently withdrew and there was no showing that petitioner had been served personally with the State's notice at least 15 days prior to sentencing. In a post-conviction proceeding, petitioner was granted leave to file this belated appeal.

elect a bench trial....'" *Id.* at 255, 918 A.2d at 562 (internal citation omitted). The court reasoned that the trial court would have no notice of the defendant's subsequent offender status because Rule 4–245 makes it clear that any notice to the trial judge of a defendant's past criminal history would be improper.[4] The intermediate appellate court concluded that "the court has no obligation, under Rule 4–215, to advise the defendant of that which it has not been informed." *Id.* The court then found that the State's Notice of Intent to Seek Enhanced Punishment for Subsequent Offender, sent to petitioner's counsel, advised petitioner adequately of the mandatory penalties he might face as a subsequent offender.

Petitioner filed a petition for a writ of certiorari before this Court, which we granted in order to answer the following questions:

"1. Did the Court of Special Appeals err in concluding that Rule 4–215's requirement that an accused be advised of "the allowable penalties, including mandatory penalties, if any," does not contemplate the allowable and mandatory penalties for subsequent offenders?

"2. Did the trial court abuse its discretion in finding that Petitioner did not have a meritorious reason for appearing for trial without counsel and that he waived counsel by inaction?"[5]

*Knox v. State*, 399 Md. 595, 925 A.2d 634 (2007).

---

4. Rule 4–245 (2001) reads, in pertinent part, as follows:

"(d) **Disclosure of the notice.** After acceptance of a plea of guilty or nolo contendere or after conviction, a copy of the notice shall be filed with the clerk and presented to the court. The allegation that the defendant is a subsequent offender is not an issue in the trial on the charging document and may not be disclosed to the trier of fact without the consent of the defendant, except as permitted in this Rule. Nothing herein shall prohibit the use of any prior conviction for impeachment purposes, if the evidence is otherwise admissible."

5. Because we reverse based upon question one, we will not address whether petitioner's reason for appearing without counsel was "meritorious" under Rule 4–215(d).

## II.

Before this Court, petitioner argues that the requirements of Rule 4–215, *i.e.*, that an accused be advised of "the allowable penalties, including mandatory penalties, if any," includes the allowable and mandatory penalties for subsequent offenders. His argument is based on the plain language of the Rule, and the underlying purpose of the Rule, i.e., to protect the right to counsel. Inasmuch as petitioner was not advised of the applicable mandatory penalties as a subsequent offender, he continues, he did not properly waive his right to counsel.

The State maintains that the plain language of Rule 4–215(a)(3) does not require the court to advise a defendant of penalties that may be imposed because of a defendant's subsequent offender status. The State's interpretation requires the trial court to inform a defendant only of the penalties allowed for the charged crime. In an effort to protect defendant's right of self-representation, the State argues that "advising the defendant at his first appearance without counsel of the potential for enhanced punishment, if the defendant is a subsequent offender and the State's Attorney seeks an enhanced sentence as the result of a prior crime is cumbersome and may chill the defendant's exercise of his right to self-representation." The State embraces the reasoning of the Court of Special Appeals and finally, maintains that even under petitioner's interpretation of Rule 4–215, petitioner was advised properly.

## III.

The resolution of the issues in this case hinge on the interpretation of Rule 4–215 and its relationship to Rule 4–245. Rule 4–215 (2001) reads, in pertinent part, as follows:

"(a) **First appearance in court without counsel.** At the defendant's first appearance in court without counsel, or when the defendant appears in the District Court without counsel, demands a jury trial, and the record does not disclose prior compliance with this section by a judge, the court shall:

(1) Make certain that the defendant has received a copy of the charging document containing notice as to the right to counsel.

(2) Inform the defendant of the right to counsel and of the importance of assistance of counsel.

(3) Advise the defendant of the nature of the charges in the charging document, and the allowable penalties, including mandatory penalties, if any.

(4) Conduct a waiver inquiry pursuant to section (b) of this Rule if the defendant indicates a desire to waive counsel.

(5) If trial is to be conducted on a subsequent date, advise the defendant that if the defendant appears for trial without counsel, the court could determine that the defendant waived counsel and proceed to trial with the defendant unrepresented by counsel.

The clerk shall note compliance with this section in the file or on the docket.

\* \* \*

"(d) **Waiver by Inaction—Circuit Court.** If a defendant appears in circuit court without counsel on the date set for hearing or trial, indicates a desire to have counsel, and the record shows compliance with section (a) of this Rule, either in a previous appearance in the circuit court or in an appearance in the District Court in a case in which the defendant demanded a jury trial, the court shall permit the defendant to explain the appearance without counsel. If the court finds that there is a meritorious reason for the defendant's appearance without counsel, the court shall continue the action to a later time and advise the defendant that if counsel does not enter an appearance by that time, the action will proceed to trial with the defendant unrepresented by counsel. If the court finds that there is no meritorious reason for the defendant's appearance without counsel, the court may determine that the defendant has waived

counsel by failing or refusing to obtain counsel and may proceed with the hearing or trial."

Rule 4–245 (2001) reads, in pertinent part, as follows:

"(a) **Definition.** A subsequent offender is a defendant who, because of a prior conviction, is subject to additional or mandatory statutory punishment for the offense charged.

"(b) **Required notice of additional penalties.** When the law permits but does not mandate additional penalties because of a specified previous conviction, the court shall not sentence the defendant as a subsequent offender unless the State's Attorney serves notice of the alleged prior conviction on the defendant or counsel before the acceptance of a plea of guilty or nolo contendere or at least 15 days before trial in circuit court or five days before trial in District Court, whichever is earlier.

\* \* \*

"(d) **Disclosure of the notice.** After acceptance of a plea of guilty or nolo contendere or after conviction, a copy of the notice shall be filed with the clerk and presented to the court. The allegation that the defendant is a subsequent offender is not an issue in the trial on the charging document and may not be disclosed to the trier of fact without the consent of the defendant, except as permitted in this Rule. Nothing herein shall prohibit the use of any prior conviction for impeachment purposes, if the evidence is otherwise admissible."

When we interpret the Rules of Procedure, we use the same canons and principles we use to construe statutes. *State v. Williams,* 392 Md. 194, 206, 896 A.2d 973, 980 (2006); *Brown v. Gress,* 378 Md. 667, 676, 838 A.2d 362, 367 (2003). In *Brown,* Chief Judge Bell, writing for the Court, summarized the principles we apply as follows:

"In our effort to discern the meaning of a rule, we look first to the words of the rule. When the words are clear and unambiguous, ordinarily we need not go any further. Only when the language of the rule is ambiguous is it necessary that we look elsewhere to ascertain legislative intent. We

are also to give effect to the entire rule, neither adding, nor deleting, words in order to give it a meaning not otherwise evident by the words actually used. Finally, we seek to give the rule a reasonable interpretation, not one that is illogical or incompatible with common sense."

*Id.* at 676, 838 A.2d at 367 (internal citations omitted).

We turn first to the question of whether the language, that the circuit court must "advise the defendant of the nature of the charges in the charging document, and the allowable penalties, including mandatory penalties, if any," is ambiguous. Rule 4–215 does not mention enhanced or mandatory penalties based upon subsequent offender status. Rule 4–245, on the other hand, specifically addresses these enhancements. The omission of the subject reasonably could suggest that the legislative intent was to treat subsequent offender penalties separately from the general advice provision of Rule 4–215. In contrast, the general language of Rule 4–215 may be read as inclusive of subsequent offender penalties because it uses broad, unlimited language. We conclude that given these two reasonable interpretations, Rule 4–215 is ambiguous.

The Sixth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, provides that in all criminal prosecutions, the accused shall enjoy the right to be informed of the nature of the charges against him or her and to have the assistance of counsel for a defense.[6] Similarly, Article 21 of the Maryland Declaration of Rights [7] protects these same rights. These

---

**6.** The Sixth Amendment to the United States Constitution reads as follows:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.".

**7.** Article 21 of the Maryland Declaration of Rights reads as follows:

constitutional provisions guarantee the right to counsel, including appointed counsel for an indigent, in any criminal case involving incarceration. *See Parren v. State*, 309 Md. 260, 262, 523 A.2d 597, 598 (1987).

As part of the implementation and protection of this fundamental right to counsel, the Court adopted Rule 4–215. *See, e.g., Broadwater v. State*, 401 Md. 175, 180, 931 A.2d 1098, 1100 (2007). The Rule "provides an orderly procedure to insure that each criminal defendant appearing before the court be represented by counsel, or, if he is not, that he be advised of his Sixth Amendment constitutional right to the assistance of counsel, as well as his correlative constitutional right to self-representation." *Id.* at 180–81, 931 A.2d at 1100–01 (quotation omitted). Before a court may find that a defendant has waived the right to counsel, the court must be satisfied that the defendant is informed of the risks of self-representation, and of the punishments which may be imposed. The Rule "exists as a 'checklist' that a judge must complete before a defendant's waiver can be considered valid; as such, it mandates strict compliance." *Johnson v. State*, 355 Md. 420, 426, 735 A.2d 1003, 1006 (1999). Failure to comply with the Rule constitutes reversible error. *Broadwater*, 401 Md. at 182, 931 A.2d at 1102; *Moten v. State*, 339 Md. 407, 411, 663 A.2d 593, 596 (1995).

The requirements of Rule 4–215 "are mandatory and must be complied with, irrespective of the gravity of the crime charged, the type of plea entered, or the lack of an affirmative showing of prejudice to the accused" because the right to counsel is a fundamental right. *Broadwater*, 401 Md. at 182,

---

"That in all criminal prosecutions, every man hath a right to be informed of the accusation against him; to have a copy of the Indictment, or charge, in due time (if required) to prepare for his defence; to be allowed counsel; to be confronted with the witnesses against him; to have process for his witnesses; to examine the witnesses for and against him on oath; and to a speedy trial by an impartial jury, without whose unanimous consent he ought not to be found guilty."

931 A.2d at 1102 (quotation omitted). We explained in *Broadwater* as follows:

"As part of the implementation and protection of this fundamental right to counsel, we adopted Maryland Rule 4–215, which explicates the method by which the right to counsel may be waived by those defendants wishing to represent themselves, the modalities by which a trial judge may find that a criminal defendant waived implicitly his or her right to counsel, either by failure or refusal to obtain counsel, and the necessary litany of advisements that must be given to all criminal defendants before any finding of express or implied waiver of the right to be represented by counsel may be valid. The Rule 'provides an orderly procedure to insure that each criminal defendant appearing before the court be represented by counsel, or, if he is not, that he be advised of his Sixth Amendment constitutional right to the assistance of counsel, as well as his correlative constitutional right to self-representation.' Any decision to waive counsel (or to relinquish the right to counsel through inaction) and represent oneself must be accompanied by a waiver inquiry designed 'to ensure that [the decision] is 'made with eyes open' and that the defendant has undertaken waiver in a 'knowing and intelligent' fashion."

*Id.* at 180–81, 931 A.2d at 1100–01 (internal citations omitted).

We hold that "allowable penalties, including mandatory penalties, if any," as stated in Rule 4–215, includes notice of subsequent offender penalties. We need not decide this issue on a constitutional basis because it is required by Md. Rule 4–215. Absent information as to mandatory or enhanced penalties, it could hardly be said that a defendant makes a knowing and voluntary decision to waive counsel with eyes open or with full knowledge of the ramifications of the choice. *See Broadwater*, 401 Md. at 181, 931 A.2d at 1101.

The purpose of Rule 4–245 is closely related to the purpose of Rule 4–215, but it does not substitute for Rule 4–215's requirement to inform a defendant of the penalties. We have stated that the purpose of Rule 4–245 is "to permit a realistic

assessment of the consequences of defending the current offense at trial or pleading guilty." *King v. State,* 300 Md. 218, 229, 477 A.2d 768, 774 (1984). Although Rule 4–245 is aimed at fully informing a defendant of the risks inherent at trial, it is not targeted towards the specific goal of insuring that a defendant understands the risks inherent in proceeding without counsel. Rule 4–245 only requires that the State's Attorney "serve a notice of the alleged prior conviction" on the defendant. In contrast, Rule 4–215 requires that the admonishments be given by a judge, even if they were given previously by the District Court Commissioner. *See Broadwater,* 401 Md. at 199–200, 931 A.2d at 1112; *Johnson,* 355 Md. 420, 455, 735 A.2d 1003, 1022. Rule 4–245 cannot be a substitute for Rule 4–215 because it does not provide for advice from a judge or advice of the actual severity of the penalties a defendant may face as a result of a prior conviction.

There is one concern, articulated by the Court of Special Appeals that merits further attention. The court may not know if a defendant is a subsequent offender at the time it is required to give the advice of penalties. Rule 4–245(d) provides as follows: "The allegation that the defendant is a subsequent offender is not an issue in the trial on the charging document and may not be disclosed to the trier of fact without the consent of the defendant, except as permitted in this Rule." Md. Rule 4–245(d). This provision was designed to protect the defendant from the State imparting knowledge of prior convictions to the court in case a defendant elects a bench trial.

The tension between this concern for the defendant's protection under Rule 4–245 and the requirement that the defendant be advised of mandatory penalties under Rule 4–215 is not insurmountable. To satisfy Rule 4–215, the court need only advise a defendant of the mandatory penalties set out in the statute under the offense charged, or, advise the defendant that *if* the defendant is a subsequent offender, that there may be enhanced penalties, and to recite the possible enhanced penalties. The court does not need actual knowledge of the defendant's status in order to give the advice.

In the instant case, petitioner was subject to the penalties then found in Art. 27, § 286(c)(1), which read, in pertinent part, as follows:

"(c) *Sentencing*—(1) A person who is convicted under subsection (b)(1) or subsection (b)(2) of this section, or of conspiracy to violate subsection (b)(1) or (b)(2) of this section shall be sentenced to imprisonment for not less than 10 years and subject to a fine not exceeding $100,000 if the person previously has been convicted:

(i) Under subsection (b)(1) or subsection (b)(2) of this section;

(ii) Of conspiracy to violate subsection (b)(1) or subsection (b)

(2) of this section; or

(iii) Of an offense under the laws of another state, the District of Columbia, or the United States that would be a violation of subsection (b)(1) or subsection (b)(2) of this section if committed in this State.

(2) The prison sentence of a person sentenced under subsection (b)(1) or subsection (b)(2) of this section, or of conspiracy to violate subsection (b)(1) or subsection (b)(2) of this section or any combination of these offenses, as a second offender, may not be suspended to less than 10 years, and the person may be paroled during that period only in accordance with § 4–305 of the Correctional Services Article."

The court must inform the defendant of the peril he or she faces to permit a "knowing and intelligent" waiver of counsel, with eyes open to the consequences of that decision.

▬▬▬ The State postures that advising all defendants of potential penalty enhancements applicable to subsequent offenders would impermissibly chill a defendant's right to self-representation. To be sure, the right to self-representation is an integral aspect of the right to counsel. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). The right to self-representation, however, presumes that defendant has waived counsel "knowingly and intelligently." *Id.* at 835,

95 S.Ct. at 2541. A defendant cannot effectively waive counsel without an "apprehension . . . of the range of allowable penalties." *Von Moltke v. Gillies,* 332 U.S. 708, 724, 68 S.Ct. 316 323, 92 L.Ed. 309 (1948). A defendant cannot have full understanding of the consequences of the waiver of counsel if the defendant is unaware of the more severe potential penalties because of prior convictions. A chilling effect, if any, is *de minimis* compared to the surprise at the end of the day when a defendant learns of the mandatory penalty, after trial and just before sentencing. Moreover, the fact that a defendant has prior convictions should not surprise the defendant and advice of enhanced penalties as a result of prior convictions could hardly chill an election to waive counsel and to proceed *pro se.*

## IV.

It is undisputed that the trial court never advised petitioner of the additional penalties he was exposed to as a result of his subsequent offender status prior to his waiver of counsel. Petitioner was faced with the possibility of twenty years incarceration, with a mandatory minimum of ten years, because of his status as a second-time offender, and he was sentenced to twenty years incarceration. Ten years were with parole limitations based on his subsequent offender status. The State argues that because petitioner was advised that the charges against him carried the possibility of a twenty year term of imprisonment, he was advised adequately. The State contends that because parole is always discretionary, petitioner faced the same peril—twenty years imprisonment without parole-regardless of his subsequent offender status. We disagree.

A valid waiver of counsel presumes that defendant makes the decision "with eyes wide open." A defendant may not evaluate the risks of forgoing the assistance of counsel effectively without knowing that there is a mandatory minimum term of imprisonment attached to his potential conviction. The Circuit Court erred when it did not inform defendant of

the penalties he was subject to as a result of his subsequent offender status.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT WITH DIRECTIONS TO REVERSE THE JUDGMENTS OF CONVICTION AND REMAND THIS CASE TO THE CIRCUIT COURT FOR WICOMICO COUNTY FOR A NEW TRIAL. COSTS IN THIS COURT AND THE COURT OF SPECIAL APPEALS TO BE PAID BY WICOMICO COUNTY.*